CUMPSTON, surviving administrator, vs. McNair.

THIS was an action of *assumpsit*, tried at the Cayuga circuit in June, 1827, before the Hon. SAMUEL NELSON, one of the circuit judges. The plaintiff declared specially, setting forth a transfer from the defendant to George Leitch, the intestate, of a promissory note, purporting to be made by Abraham Drake and William Wheeler, bearing date 29th December, 1818, for the sum of $450,50, payable to the defendant or bearer, and signed "Drake & Wheeler;" and that by a note or memorandum endorsed upon the same, the defendant undertook and promised the intestate, to guaranty the collection of the money specified in the note. He then averred that the intestate, in his lifetime, and within a reasonable time after the note was transferred to him, caused a suit to be commenced against the makers of the note, and to be prosecuted with all due diligence; but that no recovery could be had in the suit, nor any collection of the monies made, for the cause that there had been no copartnership existing between Drake and Wheeler, whose copartnership name of Drake & Wheeler was signed to the note at the time when the note was made; nor had any person whomsoever, the right of using the said signature of Drake and Wheeler, and that the money due on the said note had not been paid, whereby the said defendant became liable to pay. There was another count, stating the endorsement as an ab-

On a guaranty in these words, endorsed on a promissory note, "I guarantee the collection of this note to G. L.," the guarantor is not liable until after the holder has endeavored to collect the money from the makers; it is equivalent to a guaranty that the note is collectable *by due course of law.*

Where two persons jointly became the owners of a quantity of salt, and one of them, with the assent of the other, took it to market, under an agreement that every thing should be done to forward the business, and the salt turned into money, and it was accordingly sold, and the proceeds applied to the payment of a joint debt, *it was held,* that these facts composed the necessary ingredients of a *limited partnership.* There was a joint purchase, for a particular adventure, upon an agreement to share jointly in the ultimate profits and loss; and that a note given by one of them, in the names of both as a *firm,* for a debt incurred for monies to defray expenses, and for charges of transportation, was a good and valid note against the joint owners. Where there is no dispute as to the material facts in relation to a partnership, it is a question of law, to be decided by the judge, and not to be submitted to a jury; but where the question was submitted to them, and they found in accordance with the opinion of this court, a new trial was refused on this ground.

solute promise to pay, and the money counts. The defend-
ant pleaded the general issue.

On the trial of the cause, the making of the note by Drake,
in the name of "Drake & Wheeler," and a guaranty, signed
by the defendant, was proved. The guaranty was in these
words : "I guarantee the collection of this note to George
Leitch." *Wheeler* testified, that he was not in partnership
with Drake at the time when the note was signed ; and that
he never gave Drake liberty to use his name in that manner.
The plaintiff then shewed the commencement of a suit by
Leitch, in his lifetime, against Drake and Wheeler, by capias,
returnable in October, 1819. That the cause was put at is-
sue and noticed for trial ; but that it was not tried, for the
reason that it was understood, that the defence intended to be
insisted on was, that a partnership did not exist between
Drake and Wheeler at the giving of the note, and that no
witness could be found to prove the partnership ; that Leitch
died shortly after. The plaintiff rested.

The defendant called *Drake,* the other maker of the note,
who testified that he and *Wheeler* were possessed of a quan-
tity of salt, which they had received on notes transferred to
them by a firm of the name of Gould & Hess, as an indem-
nity against a judgment obtained against them as the endors-
ers of Gould & Hess ; that he, the witness, took charge of
the salt, and took it to market at the request of Wheeler ;
the salt was marked " D. & W.," the initials of Drake and
Wheeler ; that they, Drake and Wheeler, had money of the
defendant to pay the duties on the salt, and that the de-
fendant transported the salt from Salina to Erie, in Penn-
sylvania ; that the note was signed by witness, and given on
settlement for the transportation, for money to pay duties and
other expenses incurred in getting the salt to market ; that
he told Wheeler on his return, that he had given the note to
the defendant for the amount due to him, and signed it
"Drake & Wheeler ;" to which Wheeler made no objec-
tions. Wheeler told witness any thing they could do, should
be done, to forward the business ; that it was agreed be-
tween him and Wheeler, that he should turn the salt in-
to money ; that he principally did the business, and that it

was done in their joint names; that the salt was turned to their joint benefit, and paid on the judgment against them. This witness further proved, that Wheeler was good for the amount when the note became due, and for several years after. *Wheeler* being again called by the plaintiff, testified that Drake did tell him when he returned from market, he had given the note in question to the defendant, for the amount due him, and signed it "Drake & Wheeler;" and that he, the witness, made no objection; that he never knew any other instance in which the name of Drake and Wheeler had been used; that he and Drake had given a note to George Leitch, in reference to their joint business, and signed their names separately; that Drake did the chief of their joint business, and witness had but little to do with it.

The judge charged the jury, that it was their duty to determine whether there existed a limited partnership between Drake and Wheeler, and whether Wheeler assented to the use that had been made of his name, in signing the note; that if they were of opinion that there was a partnership, or that Wheeler assented to the use of his name after it had been signed to the note, that then their verdict should be for the defendant; otherwise for the plaintiff. The plaintiff excepted, and the jury found a verdict for the defendant.

*J. Porter*, for plaintiff. The endorsement on the note is equivalent to a guaranty of payment; and if so, it was not necessary to shew any measures taken to obtain payment from the drawers. (20 *Johns. R.* 365.) The connexion existing between Drake and Wheeler, was not such as amounted to a partnership, authorizing one to bind the other by note. A joint possession does not create a partnership; the assignees of a bankrupt cannot bind each other. (*Gow on Part.* 1, 6.) A partnership is a voluntary contract between two or more persons, for joining together their money, goods, or labour, &c. upon some *agreement* respecting them. (9 *Johns. R.* 488. See also 2 *Johns. Cas.* 331.) No such agreement is shewn in this case. Drake and Wheeler were tenants in common of the salt, but not partners. The judge erred in submitting the question of part-

Cumpston
v.
McNair.

nership to the jury, when there was no dispute as to the facts.

G. *Fisher* and *J. R. Lawrence*, for defendant. There was a limited partnership between Drake and Wheeler, which authorized the making of the note in question. (4 *Johns. R.* 265. *Watson on Part.* 74.) Wheeler assented to the act of Drake, and is bound by it as regards third persons, to whom he allowed his name to be held out as a partner. (*Gow on Part.* 59. 6 *Vesey*, 580, 600.) The question of partnership was correctly submitted to the jury. (1 *Caines*, 184.)

There is an evident distinction between a guaranty that a note will be paid, or that it is collectable, as it regards the liability of the guarantor. The latter is the contract here; and being expressed in writing, none other will be implied. The plaintiff, to entitle himself to sustain his action, was bound to shew that due diligence had been used to *collect* the money from the drawers. The cases in which it has been held, that the surety is liable in the first instance, are those in which he was a party to the original contract, or had guaranteed *payment.* (2 *Johns. C.* 409. 15 *Johns. R.* 433. 20 *Johns. R.* 365.) The plaintiff and his intestate did not use due diligence in attempting the collection from the makers; notice should have been given to the defendant of the pendency of the suit, and he required to produce proof of the partnership.

*By the Court,* SUTHERLAND, J. The plaintiffs were bound to endeavor to collect the note from Drake and Wheeler, before they could resort to the defendant. He guaranteed the collection of the note to Leitch, the intestate. The very terms imply that measures to collect it from the principals were first to be used, and the defendant's contract or guaranty was, that those measures should be successful; if not, that he would pay the note and costs. It is precisely equivalent to a guaranty, that the note was collectable, *by due course of law,* for it can be collected, that is, payment of it enforced only by due course of law; and it has been decided, that upon such a guaranty, the plaintiff is bound to pros-

ecute all the parties to the note with due legal diligence, before he can resort to the person making the guaranty. (*Moakley* v. *Riggs*, 19 *Johns. R.* 69. *Thomas* v. *Wood*, 4 *Cowen*, 173.)

When the payment of a note is guaranteed by a third person, it is an absolute undertaking, that the note shall be paid, when due, and if not paid, a suit may be immediately commenced upon the guaranty, and if the guaranty is by the indorser of the note, it dispenses with the necessity of a demand of the maker and notice to the endorser. (*Bank of New-York* v. *Livingston*, 2 *Johns. Cas.* 409. *Allen* v. *Rightmere*, 20 *Johns. R.* 365. 17 *Johns. R.* 326. 12 *Mass. R.* 14.)

In this case, however, a suit was commenced against the makers, but never brought to trial. And the next enquiry is, whether the plaintiffs have shown a sufficient excuse for not proceeding in the cause. The note was signed by Drake, in the name of Drake and Wheeler; and the declaration avers, by way of excuse for not prosecuting the suit against them to judgment, "that no recovery could be had against them, for the reason, that there had been no copartnership existing between the said Abraham Drake and William Wheeler, whose copartnership name was signed to said note ; nor had any person whatever the right of using said signature of Drake and Wheeler, when the said note was made." The attorney who commenced and prosecuted the suit, testified, that the reason why the cause was not brought to trial was, because no witness could be found to prove the partnership ; but no notice of the suit appears to have been given to the defendant, McNair, nor any application made to him to furnish evidence of the partnership. If there was then in fact a partnership, or if the note was given under circumstances which made it obligatory upon both Drake and Wheeler, the defendant should not suffer from the neglect of the plaintiffs to procure the legal evidence of it. It does not appear what measures, if any, were taken to procure testimony upon the point ; but the neglect to apply to McNair for information, who was, in truth, the only party interested in the suit, and who must have known the circumstances under

which the note was given, (as he was the payee) and the relations existing between the makers, is conclusive upon this point.

It is proved that Wheeler was at that time, and for some years afterwards, abundantly able to have paid this note, and that now, both Drake and Wheeler are insolvent.

The testimony of Drake, I think, establishes a clear case of a limited partnership between him and Wheeler, in the particular transaction, in relation to which this note was given. He testified, that the Utica Insurance Company had obtained a judgment against himself and Wheeler, (jointly as I understand) as the endorsers of one Gould and Hess; that Gould and Hess, in order to secure them, turned out to them a number of notes, on which they collected a quantity of salt; that the witness took charge of the salt, and went to market with it, by the request of Wheeler; that the salt was marked D. & W., the initials of Drake and Wheeler; that they had money of the defendant, McNair, to pay the duties on the salt; that he also transported the salt from Salina to Erie, in Pennsylvania; that the said note was signed by him, and given on settlement with said McNair, for the said transportation, and money advanced to pay the duties and other expenses incurred in getting the salt to market; and that the salt was turned to the joint benefit of Drake and Wheeler, and paid to the Utica Insurance Company, on their judgment against Drake and Wheeler; that he told Wheeler, when he came back, that he had given a note for the amount due to McNair, and signed it Drake and Wheeler, to which Wheeler made no objections; *that it was agreed between him and Wheeler, that he should turn the salt into money;* that he did the business principally; and that it was done in their joint names. Wheeler was also examined as a witness, and he admitted, that when informed of the giving of the note by Drake, he made no objections to it; and his testimony is not inconsistent with Drake's in any material fact above stated, although he swears in general terms, that they were not partners when the note was given, and that he never gave Drake liberty to use his name in that manner.

Here were all the ingredients of a limited partnership. There was a joint purchase for a particular adventure, upon an agreement to share jointly in the ultimate profit and loss ; the goods were marked with the initials of both parties, actually sold, and the proceeds applied to the payment of a joint debt. A partnership is nothing more than a community of interest between two or more persons, and a sharing of a profit and loss, either in relation to a general trade, or a specific adventure. (*Watson on Part.* 40.) To constitute a partnership in a particular purchase, as in a single concern, there must either be a joint undertaking to pay, or an agreement to share in the profit and loss. (*Per Spencer, J. in Post* v. *Kimberly,* 9 *Johns. R.* 496.) Partners in a specific purchase or adventure, have, in relation to that adventure, all the rights, and are subject to all the liabilities of general partners ; but the relationship ceases with the adventure, and is confined to it. (*Watson,* 40.) These principles, applied to the evidence in this case, appear to me decisive upon the question of partnership, and show that Drake was authorized to sign the notes in question with the names of Drake and Wheeler, it having been given for moneys advanced and services rendered in relation to the transaction in which they were partners. (*Holmes* v. *The United In. Company,* 2 *Johns. Cas.* 331. *Livingston* v. *Roosevelt,* 4 *Johns. R.* 265. 9 *Johns. R.* 479.)

The judge left it to the jury to say whether there was a partnership or not. He also charged them, if Wheeler assented to the use of his name after it was signed to the note, then they should find for the defendant.

There being no dispute as to the material facts in relation to the partnership, it was a question which the judge should have decided ; but as the jury found, in accordance with what we hold to be the law of the case, this is no ground for directing a new trial.

The subsequent assent of Wheeler to the use of his name, in this point of view becomes immaterial.

Motion for new trial denied.