By the Court,

Nelson, J.
It is clear that as between these parties, in *105 equity and justice, the obligation to pay to the plaintiff the value of a moiety of lot No. 47, on failure of the title, lay originally upon the defendant. The case is to be viewed in the same aspect as if the defective title had been derived from the defendant himself. Had the loss happened while the parties remained tenants in common, half of it would have fallen upon the defendant, and the object of the covenant in the release was to bind him to sustain such loss, and keep harmless the plaintiff after he had taken to himself the whole title in the partition. The defendant received from the plaintiff the full value for his moiety of the lot, and it was just and proper to take from him an engagement to stand behind the title. We cannot, therefore, view the defendant in the light of a guarantor of the debt or duty of another, but as providing in the covenant for the discharge of his own duty; and this being so, we are of opinion that the plaintiff was not bound to prosecute Oliver Phelps as a condition precedent to the claim or recovery upon the covenant for the value of the land. If we could view him in that character, as sureties are favorites in the law and entitled to a strict and favorable construction of their contracts as such, and are not to be made responsible without a full and perfect compliance with the terms and conditions upon which their liability depends, we might possibly be disposed to give such an interpretation to the covenant that the defendant would pay the value of the one half of the lot, if a recompense for the same could not be obtained from Phelps in a reasonable time after *his title thereto should be found to be defective, as would require the plaintiff to show by legal proceedings his failure to obtain such recompense. But as at present advised, I should not be willing even to say thus much, for I apprehend it would be giving a more comprehensive construction to the terms of the guaranty, calling it such, than is supported by any of the adjudged cases on the subject.
In all the cases that have been cited by counsel, or which I have seen, the very terms used necessarily implied that the liability of the guarantor depended upon the failure to obtain recompense or payment, after proceedings at law against the principal. Moakley v. Riggs, 19 Johns. R. 69. Thomas v. Woods, 4 Cowen, 173. Taylor v. Bullen, 6 id. 624. Cumpston v. M’Nair, 1 Wendell, 457. Where this is not the condition of the liability by the terms of the covenant, or by legal inference, a suit at law is not necessary, Bank of New-York v. Livingston, 2 Johns. Cas. 409. Compston v. M’Nair, 1 Wendell, 457. Mech. Fire Ins. Co. v. Ogden, 1 id. 37. According to the doctrine of the case last cited, it would be material to set forth in the declaration an averment of a demand upon Phelps before suit brought against the defendant ; but the averment of Phelps’ insolvency and total inability to pay, covering the whole time from the discovery of the defective title until his death, supersedes such averment. If this fact can be maintained, and we are to assume it for the purpose of this decision, a demand would have been nugatory and idle. On the ground, then, that the demand in this case is in equity and justice the debt of the defendant, and the terms of the covenant not necessarily imposing, as a condition to his liability, a suit against Phelps on the covenant in his deed, we are of opinion that the ninth plea to the first count and tenth plea to the second count demurred to by the plaintiff are bad, and that the plaintiff is entitled to judgment. It follows, also, that the substance of the replications to the eleventh plea to the first count and to the twelfth plea to the second count are good; and the only question left is as to the correctness of the conclusions of those replications. We are of opinion they are bad and ought to have concluded to the country, as no new or different issue *107 could be raised, *had rejoinders been put in, from that presented by. the matter set up in the pleas ; the insolvency and inability of Phelps to make recompense to the plaintiff would be the issue in either case. 1 Saund. 103, n. 1. This defect, however, can only be taken advantage of by special demurrer, 1 Saund. 103, n. 1, b, and the demurrers in this case to the replication are general.
The plaintiff is therefore entitled to judgment upon his demurrers to the de-4 fondant’s pleas, and also upon the demurrers of the defendant to the replications put in by the plaintiff, with leave to the defendant to amend, on payment of costs.