JOSEPH PYLE *vs.* JOHN M'MONAGLE.

General indebitatus assumpsit lies by the assignee vs. the assignor of a note; where the maker proves insolvent.

The liability of such *assignor* is not that of an *indorser*; it is a *guaranty* of the solvency of the *drawer.*

The assignee must use *due diligence* as against the *maker,* or he will lose his remedy against the assignor.

Suit brought to the *next term,* and so prosecuted as to show an *insolvency* of the maker, is due diligence.

After suit brought, a failure to hold the defendant to bail is not a discharge of the assignor, if the maker is shown to be insolvent.

CAPIAS case. Narr. in assumpsit, with the common money counts. Pleas, non-assumpsit; payment; discount, and the act of limitation. Replications and issues.

This was an action by the assignee against the assignor of a promissory note.

*J. A. Bayard* moved to nonsuit the plaintiff, because he had not declared *specially* the assignment being under *seal. Sed non allocatur;* the action is for money had and received, and it has been uniformly decided in this state from a very early period, that a special count is not necessary. *Gavinston* vs. *Freeman,* Sup. Court, Kent, 1796, *MS. Rep.*; *Rogers* vs. *Lofland,* Common Pleas, 1815. (*a.*)

A verdict was taken for the plaintiff, and a motion docketted to

(*a. Gavinston* vs. *Freeman.* Assumpsit for money had and received lies by assignee vs. assignor of a bond, where the obligor proves insolvent. A special count in such case is improper. Per READ, *Chief Justice, Sup. Court, Kent, March term,* 1796.

*Thomas W. Rogers* vs. *James Lofland.* In this case it was resolved by the court: 1st. That case for money had and received, lies by the assignee of a bond against the obligee, where the obligor is insolvent. (See 1 *Dall.* 449.) 2d. That if the assignee of a bond sues the obligor at the next term but one after the money is due, he uses due diligence. 3d. That if the assignee makes any agreement with the obligor to delay for one day, the assignor is discharged from his responsibility. 4th. That the court will support the return of a sheriff of a levy made subject to prior executions, although such return does not pursue sec. 4, ch. 178, [2 *Del. Laws.* 927,] in setting forth the names of the parties in such prior executions, and the sums thereby to be levied; because the sheriffs have never in any of the counties attended to these provisions, and the setting aside returns made conformable to a practice of twenty-seven years standing, would produce the most terrible consequences. Per BOOTH, *Chief Justice, Common Pleas, Kent, May term,* 1815.

set it aside and enter a nonsuit, on the ground that the assignor was discharged by plaintiff's laches.

Pyle brought suit against the drawer to November term, 1835. The defendant was taken, and gave appearance bail, after which plaintiff accepted the defendant's common appearance, and confession of judgment, November 17, 1835 ; the amount of which was ascertained by the prothonotary, April 19, 1836, to be $114 05. The same day a fieri facias issued against Crawford, to May term 1836, which was returned " nulla bona." Ca. sa. issued 16th November, 1836, to November term, 1836, returned " non est inventus."

The defendant contended that these proceedings on the part of Pyle, the assignee, had discharged him ; first, by neglecting to demand payment within a reasonable time ; and secondly, by accepting the defendant's common appearance and releasing his bail. The note being payable on demand, the assignee was bound to prompt diligence. Demand and notice must be made in reasonable time. Notes payable on a day certain, must be presented on the last day of grace ; if payable on demand, the presentment and notice must be within a reasonable time, which is a question of law. In this case, four months were suffered to elapse, which is not legal diligence. Even notorious insolvency is no excuse for want of presentment and notice. 2 *H. Blac.* 609 ; 2 *Bos. & Pul.* 277 ; 11 *East,* 114 ; 3 *Selwyn N. P.* 997 ; 2 *Wils.* 353.

The assignee is not bound to sue, or to do more than make the demand and give notice. That fixes the indorser. But if he sue, he must proceed according to the usual course of the law and practice of the court. If he give time to the defendant, or in any manner release him or his bail, he discharges the assignor. He was bound in this case, to hold Crawford to bail. The cause of action authorized it ; the suit required it. The appearance bail could not be released without the entry of special bail, or the consent of the plaintiff. By accepting common bail, he released the bail to the sheriff, and discharged the assignor ; for it was an act to his prejudice.

On the other hand, it was said that the assignor of this note was not liable as an indorser ; nor bound to make prompt demand. If he sued in reasonable time and prosecuted his suit against the drawer with diligence, it was sufficient. He was not bound to pursue his claim against bail as well as payer, before he could sustain his action against the assignor.

*By the Court.*

J. M. CLAYTON, *Chief Justice :*—In cases of mere *indorsement,* no doubt the rule is, that bills, notes and checks, payable on demand, must be presented for payment within a reasonable time. Yet even

in an action against an indorser of such a note, bill or check, the question whether the holder presented it for payment within a reasonable time, is a question of law for the court to decide. *Byles on Bills*, 123. 7 *B. & C.* 468.

A man making such an assignment as this, does not assume all the responsibilities of an indorser of a note. His liability cannot be fixed by a mere demand of payment, and a refusal by the drawer and a notice to him. His contract is of a different character. By settled legal construction his contract involves accountability no further than this—that the maker is solvent; and to fix him in action for the money advanced by the assignee, it is indispensable to prove satisfactorily that the maker was insolvent at the time of the transfer, so that a suit would have been utterly unavailing; or that he has prosecuted a suit against the maker with legal diligence and could not recover the money; thus establishing the insolvency by legal proceeding. And for this reason, the omission to hold Crawford to bail was not a discharge of M'Monagle. The insolvency of Crawford is fully proved, and the holding him to bail would be of no use. Even the suit was unnecessary, except as a means of ascertaining the insolvency. By accepting common appearance, the plaintiff obtained judgment much sooner than if he had required bail above to be entered, and gone on with the suit.

As to the time of legal diligence, it has been established by repeated decisions in our courts (some of them more than *forty* years ago,) that the assignor uses due diligence, if he bring suit against the maker of a note or obligor of a bond, to the first term after the assignment, and prosecute such suit diligently.

The same decisions have fully settled the law, that an action for money had and received, is the proper action by the assignee against the assignor or guarantor. We are precluded by these decisions from controverting the propriety of the form of action, or the original soundness of the position upon which they rested, to wit: that the plaintiff had a right to proceed for the money advanced on the special guaranty as for money paid, where the consideration had failed, or money had and received by the assignor for the use of the assignee.

Our act of assembly regulating the assignment of bills and specialties, applies in terms to prommissory notes. The same construction, therefore, may be made of assignments on all these instruments. *Digest,* 42.

In New York, it has been decided that a guarantor cannot object laches in the holder of a prommissory note for not seeking satisfaction from the principal debtor, if suit be commenced within *three* months after the debt falls due. *Lamorieux* vs. *Hewitt,* 5 *Wendall,*

307. Also, that where the payment of a note is guarantied by the indorser, it dispenses with the necessity of a *demand* and *notice.* Campston vs. M'Nair, 1 *Wend.* 457.

*W. H. Rogers*, for plaintiff.

*J. A. Bayard*, for defendant.