Gibbs, special J.
delivered the opinion of the court.
.On the 27th December, 1836, J. W. Womack made his note in these words, “On or before the first day of January, 1838, I promise to pay Wm. B. Turley or order two hundred dollars for value received. Witness my hand and seal, 27th December 1836. JOHN WOMACK, [Seal.]”
Upon the said note appears the following endorsements: “I assign the within note to C. P. Polk, and warrant the solvency of the maker, 27th February, 1837. W. B. TURLEY.”
“I assign the within note to Henry Hodge, for value received, without recourse on me. C. P. POLK.”
Henry Hodge instituted suit in the circuit court of Harde- *74 man, against Turley, and filed his declaration containing two counts. The first upon the guaranty and averring the insolvency of the maker of said note. The second in the usual form upon a general endorsement waiving demand of the maker, nonpayment and notice to Turley. To this declaration the defendant demurred. The court below sustained the demurrer as to the first count, and overruled it as to the second, and gave judgment.
It is admitted by counsel of defendant in error, that the action could not be sustained upon the first count, and we think rightly: he was not a party to the guaranty, and it is not assignable by the statutes. But it is insisted that the guaranty is not restrictive in its character of the liability of Turley as endorser, and that he is liable as upon a general and usual endorsement on negotiable paper with waiver of demand and notice. It is certainly true that a party endorsing a note or bill of exchange, may make such an assignment as will protect him from liability under any circumstances, or he may so frame his contract as to mate his liability depend upon other and different conditions, than those general rules which govern endorsements of negotiable paper under the law Merchant. Special endorsements are very frequently made which destroy the negotiability of the paper altogether. See Chitty on Bills, 261. Sometimes they are so framed as to increase the liability of the endorser, as in the case of Allen vs. Rightman, 20 John. Rep. 365. The guaranty was in these words, “I sell, assign and guaranty the payment of the within note to O. Allen or bearer.” This was held to be an absolute engagement to pay. the money when the note fell due, if the maker did not, and demand and notice was not required. This principle is recognized by Sutherland, judge, in 1 Wend. 461, where the court says, “When the payment of a note is guaranteed by a third person it is an absolute undertaking that the note shall be paid when due, and if not paid a suit may be immediately commenced upon the guaranty; and if the guaranty is by the endorser of the note, it dispenses with the necessity of a demand of the maker and notice to the endorser.’ ’ These special endorsements may be so framed as to restrict the liability of the endorser, and place it *75 upon other and different conditions than those implied, by law, of demand and notice. And of this class is the case of Compton vs. McNair, 1 Wend. 467. The language employed in that contract was, “I guarantee the collection of this note to George Leatch.” It was held, that the endorser is not liable until after the holder has endeavored to collect the money of the maker by due course of law. It is equivalent to a guaranty, (says the court,) that the note shall be collected by due course of law, and that the assignee was bound to prosecute a suit against all the parties to the note before resort could be had to the guarantor. Stoakly vs. Riggs, 19 John. Rep. 69, and Thomas vs. Wood, 4 Cowan, 173, holds the same doctrine. Therefore it is clear, that the endorser can limit or enlarge his liability, or destroy the negotiability of the paper altogether in every case.
The first question to be determined, is the meaning of the contract, and then it must be arranged in its proper class. The words employed in this endorsement varying from the usual and general endorsement, are, “I warrant the solvency of the maker” : something different from the implied condition of demand and notice upon a common endorsement must have been intended, or why depart from it? If itwas intended merely to waive demand and notice, why not employ that language, or guarantee payment instead of solvency ? The court are, therefore, of opinion, that this is a special endorsement, intended by the parties to rest the responsibility of the assignor upon the insolvency of the maker, which should be averred and proven. The general principles of law to be found in the case of Bell vs. Johnson, 4 Yerg. 196, are deemed correct, but this court differ from that decision in the construction and effects of the guaranty. Let the demurrer to the second count be sustained, and judgment reversed.