## SMITH *a.* WRIGHT.

*Court of Appeals, December Term,* 1854.

### ALLEGATION OF TENDER.—PARTNERSHIP.

In a suit for damages on the breach of a contract, the complaint is defective unless it alleges an offer or tender of performance on the part of the plaintiff.

Two mercantile firms mutually agreed each to put out contracts for sale and delivery of produce at future days, all profits of such adventures and all losses to be equally divided between the firms ;—*held* that the one firm were liable as partners upon a contract made accordingly, and signed by the other firm.

This action was brought in the Superior Court. The complaint alleged that the defendants, Wright and Losee, composing the firm of Wright & Losee, and the defendants, Otis & Glover, composing the firm of A. W. Otis & Co., mutually agreed to make contracts in the name of their respective firms, for the delivery of produce at a future day, with a view to

realize an expected rise in prices; such contracts to be for the joint account and benefit, and both profits and losses resulting from such adventures to be equally divided. The contract upon which this suit was brought, was made in pursuance of this agreement, by the firm of Otis & Co. It was a written contract to deliver to Collomb & Iselin two thousand barrels of flour. It was signed A. W. Otis & Co. The complaint further alleges that when the flour became deliverable, according to the terms of the contract, the contract was held by E. & W. Herrick; but that Otis & Co. did not deliver the same or any part thereof, although requested so to do by the said E. & W. Herrick, and although the said E. & W. Herrick were ready and willing to accept and receive the same, and to pay for the same, at the rate or price aforesaid; nor did the said defendants, Wright & Losee, deliver the same or any part thereof; but the said defendants wholly neglected and refused to deliver the same or any part thereof.

Subsequently Smith, the plaintiff, became by assignment the owner of the contract, and brought suit upon it. The defendants, Wright & Losee, demurred, that the contract being signed by Otis & Co., was not sufficient to Charge Wright & Losee, and that it did not appear that any demand of the flour or any tender of the price had been made.

Judgment being given at special term, for the plaintiff on the demurrer, the defendant appealed, and at the general term that judgment was reversed. The opinion delivered at the general term, (5 *Sandf.* 113), considered only the first ground of the demurrer, and held that as the plaintiff had failed to show that the contract in question was subscribed by Wright & Losee, it could not therefore be enforced against them. Judgment being entered thereupon for the defendants, the plaintiff appealed.

*F. H. Rodman*, for the plaintiff.

*B. W. Bonney*, for the defendant.

Edwards, J.—The complaints in the action alleges that the defendants, Wright & Losee, then composing the firm of Wright & Losee, and the defendants, Otis & Glover, composing

the firm of A. W. Otis & Co., mutually agreed to make contracts, or agreements, in the names of their respective firms, with divers persons for the sale and delivery of flour and other produce, at a future day, with a view to realize the rise or increase in the prices of produce which they then anticipated would take place in the market, and upon the express agreement that such contracts should be made for the joint account and benefit of said two firms, and that the profits resulting therefrom should be equally divided between them, and the losses, if any, should be borne by the said two firms, in equal proportions. The complaint further alleges that in pursuance of this agreement, the firm of Otis & Co., for the joint benefit and account of the two firms, entered into a contract in writing with the firm of Collomb & Iselin, which contract is particularly set forth. This contract, after passing through several hands, was finally assigned to the plaintiffs. To this complaint the defendants, Wright & Losee, demurred. The first question which is presented, is whether the agreement which is set forth in the complaint, created a partnership.

The well established rule is, that if a person partakes of the profits of any branch of trade or business, he is answerable as a partner for the losses. The reason of this is, that if he takes a part of the profits, he takes from the creditors a part of the fund which is the proper security for the payment of their debts. (Grace *v.* Smith, 2 *W. Black.*, 998; Dob *v.* Halsey, 16 *John.* 34; 3 *Kent*, 27). The only qualification of this rule which has ever been acknowledged is, that when a person stipulates to receive a sum of money in proportion to a given quantity of the profits, as a reward for his services, he is not chargeable as a partner. (*Story on Part.*, 32, 33, 34, 45, and authorities cited in note. *Cary* 8, 9, 10, 11. *Gow.* 14, 19. *Collyer* 14, 15 *& Seq.*) And the propriety of even this qualification was doubted by Ld. Eldon. (*Ex parte* Hamper, 17 *Ves.* 401). In the present case, according to the terms of agreement between the defendants, the business was to be carried on for their joint account and benefit, and not only were the profits arising therefrom to be shared between them, but the losses were also to be borne by them in equal proportions. There is nothing in the agreement which in the least

degree indicates that the shares of any of the parties were to·
be received as a compensation for services rendered.   In the·
case of Champion *v.* Bostwick, (11 *Wend.* 571, *S. C. in error*,
18 *Wend.* 175), it was shown that three persons ran a line of
stage-coaches from Utica to Rochester, the route being divided
between them into three sections, the occupant of each section
furnishing his own carriages, horses, and drivers, and paying
the expenses of his own section ; but the money received, as
fare of passengers, deducting therefrom only the tolls paid at
turnpike gates, was divided amongst the parties in proportion
to the number of miles ran by each.   Upon this state of facts,
it was held that they were jointly liable as copartners to a third
person, not a passenger, for an injury received through the
negligence of the driver of the coach of one of them.   In the·
case of Everitt *v.* Chapman, (6 *Conn.* 347), the parties had
agreed that each one should purchase hides on his own credit,.
and should manufacture and sell the portion so manufactured.
by him, each party to participate in the profits.   It was held
that all the parties were liable as copartners to a third person,.
who sold hides to one of the parties, in ignorance of the part--
nership, and charged the same to him.

These cases have introduced no new principle, and I have·
alluded to them merely because they are in many respects·
similar to the one before us.   The fact that the agreement in
question was made between two firms already in existence,
can make no difference as to the liability of the parties, for,
as far as the agreement is concerned, the two firms stand
upon the same footing as two individuals would.   Neither·
can it make any difference that the contract which is now
sought to be enforced, as the joint contract of the parties, was·
made in the partnership name of one of the firms, for the
partnership agreement between the defendants authorized
such a contract.   (Wright *v.* Hooker, *Seld.* not yet reported ;.
Everitt *v.* Chapman, *ubi sup*).   The court below, in giving their··
opinion, say that " the ground upon which a participation in.
the profits of a trade is held to make parties liable to third
persons, though they never intended to be parties between.
themselves, as it was advanced by De Grey, Ch. J., in Grace *v.*.
Smith, and was adopted in Dob *v.* Halsey, is entirely wanting·

in this case. Here Wright and Losee could not take any of the fund on which the creditors of Otis & Co., relied for payment." If the court mean that Wright and Losee could not take any of the fund which constituted the capital stock employed in the separate business of Otis & Co., or the profits arising therefrom, or that Wright and Losee could not take any of the fund employed in their joint business, except so far as it constituted the profits arising from such business, the remark is correct, although it is not apparent how that can have any bearing upon the question before us. But if the court mean that the interest which Wright and Losee had in the profits of that business which was carried on under the agreement with Otis & Co., did not give them a right to take any part of the fund upon which the creditors in respect to such business relied, the remark is founded upon an entire misconception of the general rule, and of the decision referred to ; for Ch. J. De Grey expressly says that, " if any one takes *part of the profits*, he takes a part of that fund on which the creditor relies for payment." All interest which is necessary to constitute a partnership is an interest in the profits, and such an interest necessarily constitutes a partnership, unless, as has been stated, the interest in the profits is given as a compensation for services. The error into which the court below have fallen, is in confounding a community of interest in the property out of which the profits are to arise, with a community of interest in the profits themselves. The latter is all that has ever been considered necessary to create a partnership as against a third person. Whether the defendants were partners as between themselves, it is not necessary to inquire. They were so in reference to third persons, and the court below erred in coming to a different conclusion.

But although there is sufficient allegation of a copartnership, still I think that the complaint is defective in not alleging a performance, or, what is regarded as equivalent, an offer or a tender of performance on the part of the plaintiff, or those through whom he claims. The contract in suit was for the sale of flour, at a price agreed upon. The payment of the price was the consideration for the delivery. The payment and delivery were to be concur-

rent acts, and as was recently held by this court in the case of Lester *v.* Jewett, (1 *Kernan*), neither party is entitled to recover from the other without alleging an offer or tender of performance on his part. I think that for the reason last stated, the complaint is defective, and that the judgment should be affirmed.