By the Court,
Robertson, Ch. J.
The relation of the plaintiffs and all the defendants, except Barmore, ’was clearly that of partners in the purchase and sale of sugar. (Cumpston v. McNair, 1 Wend. 457. Reynolds v. Cleveland, 4 Cowen, 282. Mumford v. Nicoll, 20 John. 611. Smith v. Wright, 1 Abb. Pr. 243.) The interest of each partner in the assets and stock of the partnership was subject to the lien of the other partners for payments, beyond their share of the debts of the company, and was applicable to the payment of debts not paid before any division of the partnership property. (Addison v. Burckmyer, 4 Sandf. Ch. 498. Kirby v. Schoonmaker, 3 Barb. Ch. 46. Geortner v. Trustees of Canajoharie, 2 Barb. 625.) The assignment to Barmore only carried that residuary interest, as it was general of the real and personal estate of the assignors. He had no right by virtue thereof to appropriate the whole partnership assets to the payment of the separate debts of three of the partners, and he may be restrained from attempting to do so, if threatened by him, by the interference of the court; such a cause of action may be joined with a partnership accounting, which is the proper main relief in this action. (Wade v. Rusher, 4 Bosw. 537.) The partnership was not agreed to be continued for any definite time, and, therefore, may be dissolved at the pleasure of any party. It has been dissolved by the insolvency *137 of Grove & Co. and their attempt to appropriate the assets of the partnership to their private debts, entitles the plaintiffs to a receiver. (Coll. on Part. 196. Harding v. Glover, 18 Ves. 281. Roberts v. Eberhardt, 23 En. L. & Eq. R. 245. Wilson v. Greenwood, 1 Swanst. 471, 480. Court v. Harris, Turn. & Russ. 496. Hubbard v. Guild, 1 Duer, 662.) The receivership in this case ought to have extended to all the partnership assets in the hands of the defendants, and the injunction order to have covered them, so as to prevent the defendants from misappropriating them, and they should have been required to deliver them over to such receiver. If there was any doubt as to the amount in the hands of the defendant Barmore, there should have been a reference to ascertain it. This is necessary, in order to provide for, and anticipate the final judgment, which must be for a payment of all the debts of the partnership pro rata out of its assets.
I agree with the learned judge who decided this motion in doubting whether this action could be sustained to enforce any supposed equity of the draft holders who bought their drafts in the market without taking any specific lien on- the goods. My views on that point have been heretofore expressed in the two cases referred to by him, of Scheidt v. Sturges, Shaw & Co., and The Bank of Mutual Redemption v. The same, decided in this court; but it is not necessary now to consider that point.
The order should be modified as hereinbefore suggested, with costs to the plaintiffs on the defendants’ appeal.