ELBRIDGE G. DUVALL et al., Appellants, *v.* Ross W. WOOD et al., Respondents, impleaded with ANDREW C. ELLIOT and JOHN A. WARNER.

(GENERAL TERM, FIRST DEPARTMENT, FEBRUARY, 1870.)

Where a business is carried on by several parties, and goods are purchased by one of them for the use of all, all are liable, although the names of the other parties, interested in the purchase, are not disclosed by the purchaser.

And the mere taking of the note of one partner, or of an agent, does not exonerate the other parties interested from liability, unless there is an express agreement to that effect.

THIS was an appeal from a judgment entered after a trial by the court and a jury, dismissing the plaintiffs' complaint. The exceptions were ordered to be heard in the first instance, at General Term.

The real object of the action was to charge the defendants, Wood, who did business in New York under the firm name of Ross W. Wood & Son, with liability for two bills of goods, bought of the plaintiffs in Baltimore in the name of Andrew C. Elliot & Co.

It appeared that the plaintiffs were merchants in Baltimore, and that the defendants were engaged in a guano enterprise on the island of Sombrero, in the Caribbean sea, and that their business upon the island was managed and conducted by the defendant, Elliot, in the name of Andrew C. Elliot & Co., which firm was composed of the defendant, Elliot; and one Everitt; that the goods were purchased by the defendant, Elliot, in person, in the name of Andrew C. Elliot & Co., and were shipped to the latter firm for the island of Sombrero, and received there by the defendants, and furnished by them to their employes, in payment for services, or otherwise used by the defendants for their own benefit.

The plaintiffs took a note of Andrew C. Elliot & Co. for the amount of the purchase, to which firm the goods were

charged upon the plaintiffs' books. The note was not paid at maturity, and was produced for cancellation at the trial.

The court dismissed the complaint, and the plaintiffs' exceptions were ordered to be heard first at General Term.

*Henry H. Anderson,* for the appellants.

*S. P. Nash,* for the respondents.

Present—INGRAHAM, P. J., and BARNARD, J.

By the Court—INGRAHAM, P. J. There can be no doubt, from the testimony, but that all the defendants were interested in the business carried on at the island of Sombrero, nor that the business was carried on there by Andrew C. Elliot & Co., who were partners, in their name, for the benefit of themselves and the other defendants, and under their authority. It is also proven that the goods in question were purchased with the knowledge, and under the authority, of Ross Wood & Co., and were sent to them at the island, and they authorized drafts on them to pay for them.

It also appears that the note of Andrew C. Elliot & Co. was given for the goods. Such note was not paid, and was produced on the trial and offered for cancellation. Elliot testified that the note was not paid by a draft, because Wood & Co. had ordered the business of A. C. Elliot & Co., on the island, to be closed, and the goods turned over to other parties for their benefit.

On defendants' motion, the court dismissed the complaint, and the plaintiffs appealed to this court.

Where goods are purchased by an agent for his principals and are received by them, the vendor is not confined to the remedy against the agent, unless the goods were sold exclusively on the individual credit of the agent, and the note received in payment so as to prevent the plaintiffs from having any remedy against the defendants, for whom they were,

Duvall *v.* Wood.

in fact, purchased, and who have had the benefit of them. (*Pentz* v. *Stanton*, 10 Wend., 271.)

If these defendants are to be considered as partners in the business carried on at Sombrero, and the goods were purchased for the joint benefit of all, then the law is well settled, that, if one partner order goods himself, without disclosing the names of the other partners, and the goods be delivered to them all, they are all liable. Though the goods be furnished on the credit of the ostensible partner only, the law implies a promise to pay for them on the part of all those who are entitled to share in the profits. (*Reynolds* v. *Cleveland*, 4 Cow., 282). So where supplies to a vessel, of which there were several owners, were furnished on the order of one who gave his note in payment, and took a receipt in full, it was no discharge of the other owners; and the note not having been paid, a recovery was had against all the owners. That the defendants were to be considered partners as to the business of the island, I think cannot be doubted, and they are to be regarded as having all the rights, and being subject to all the liabilities of general partners, so far as their particular business is in question. (*Cumpston* v. *McNair*, 1 Wend., 457.)

The taking of the note of Andrew Elliot & Co., in payment, does not relieve the other defendants from liability, unless there was an agreement to sell on the individual credit of the agent, and not of the partner. (1 Cow., 359.)

It is said in *Fish* v. *Wood* (4 E. D. Smith, 327): "There is no controversy about the general rule of law that the principal is liable for goods purchased by his agent by his authority, whether the goods are purchased in his own name or that of his agent, unless the sale was on the exclusive credit of the agent; that, on discovering, the principal may require payment from him." These cases, and many others that might be cited, establish, that where a business is carried on by several, and goods are purchased by one for the use of all, all are liable, although the names are not disclosed, and the person purchasing does not disclose the names of the other parties interested, and that the mere taking of the note

of one partner, or of an agent, does not exonerate the others from liability, unless there was an express agreement to that effect.

It appears to me, therefore, that the case should have gone to the jury. It may be that a special agreement may be proved, or, as was stated on the argument, that the other defendants have, on the faith of a receipt, settled with the person making the purchase. In such a case they would not be liable. (1 Cowen, 290.) No such evidence, however, was given on the trial; and, as the case stood, the plaintiffs, on surrendering the note, had made out a *prima facie* case, which would have sustained a verdict in their favor.

The judgment should be reversed, and new trial ordered, costs to abide event.

Judgment reversed.