MOAKLEY *against* RIGGS.

THIS was an action of *assumpsit*. The first count in the declaration stated, that whereas, on the 18th of *April*, 1817, at *L.*, &c. in consideration that the plaintiff, at the special instance and request of the defendant, would sell and deliver to *Elias Hull*, certain goods, &c., as the said *Elias* should require. &c. and receive, as a collateral security, for the payment of the said goods, &c., a certain promissory note for 470 dollars, made by the said *E. Hull*, payable to *William Duncan* and *John I. Rosseter*, or order, one hundred and eighty days after date of the said note, in the bank of *Ontario*, and endorsed by the said *Duncan* and *Rosseter*, he, the defendant, " undertook, and then and there faithfully promised the plaintiff, that the said note was good and collectable, after due course of law." The plaintiff, then, averred, that confiding in the said promise and undertaking of the defendant, he sold and delivered to the said *E. H.* certain goods, &c. and received, as collateral security for the payment thereof, a promissory note, made and endorsed as above described; that after the note became due and payable, a suit was commenced against *Duncan* and *Rosseter*, the endorsers, and on the 8th of *May*, 1818, a judgment was recovered against them for 525 dollars and 12 cents ; and on the same day a *test. fi. fa.* was issued on the said judgment to the sheriff of *Ontario*, who, afterwards, returned on the said execution, that there were no goods or chattels, lands or tenements, in his bailiwick, out of which he could make the said sum of money, &c. And that *E. H.*, the maker of the said note was, on the 15th day of *March*, 1819, discharged from all his debts, by *N. W. Howell*, commissioner, &c., according to the provisions of the statute in such case made and provided, &c. To this count the defendant demurred, and the plaintiff joined in demurrer.

*J. C. Spencer*, in support of the demurrer. The defend-

Where, in consideration that the plaintiff would sell and deliver goods to *H.* and take the promissory note of *H.* endorsed by *D.* and *R.*, payable in six months, as collateral security, the defendant undertook and promised, that " the note was good and collectable, after due course of law ;" *Held*, that the plaintiff was bound to prosecute the maker of the note as well as the endorsers, with due legal diligence, before he could resort to the defendant on his guaranty : And the plaintiff having neglected to sue the maker of the note for *seventeen months* after it became due, when the maker had obtained his discharge under the insolvent act, the defendant was held to be discharged from his guaranty.

NEW-YORK, ant was a surety or guarantee.  His engagement was, that
May, 1821. the note should be good and collectable after due course
MOAKLEY of law.  The plaintiff was bound to ascertain the fact, that
v. the note was not good and collectable, by prosecuting all
RIGGS. the parties, the maker as well as endorsers, by a due course
of law, before he was entitled to call on the surety.  He
must show due and reasonable diligence to obtain payment
of the note, in the usual course of law.  The note fell due
in *September*, 1817, and *Hull*, the maker, was not dis-
charged, as an insolvent, until *March*, 1819, or about eigh-
teen months after.  There is no allegation of the inability
of the maker to pay the note when it became due ; but that
is left to be inferred, from the fact, that he was discharged
as an insolvent, in *March*, 1819.  He may have been
solvent in *September*, 1817 ; and, *non constat*, but that he
would have then been able to pay the money, if he had
been sued.  A surety is always favoured, and is never
held responsible beyond the scope of his undertaking.

*J. King*, contra.  This was an original undertaking on
the part of the defendant.  The delivery of the goods, &c.
and the undertaking of the defendant was one simultaneous
transaction.

Where a precedent condition is to be performed, the per-
formance must be averred, or a sufficient excuse shown, as
that it was prevented by the act of *God*, or by the act of
law, or by the act of the other party.  (*Mounsey* v. *Drake*,
10 *Johns. Rep.* 27.  1 *Chitty's Pl.* 317, 318.  1 *Saund.*
215, 216. n. 2.)  Now, the plaintiff shows, in this case, that
the collection of the note from the maker, was prevented
by the act of the law.  The demurrer admits the discharge,
and its validity and effect.

But, it is objected, that here was a delay of nearly eighteen
months.  A creditor is not bound to prosecute the princi-
pal, unless the surety requests him to do so.  The guaranty
was not limited as to time ; and no request to sue has been
shown by the defendant.  (*King* v. *Baldwin*, 17 *Johns.
Rep.* 384.)

*J. C. Spencer*, in reply, observed, that the undertaking of the

defendant was not absolute, but conditional; his liability depended on the contingency, that the plaintiff after prosecuting the maker at law, should fail to collect the money. This case was, therefore, clearly distinguishable from those cited, as to delay, and a request on the part of the surety.

SPENCER, Ch. J. delivered the opinion of the Court. The first inquiry is, whether the defendant's liability under his engagement, that the note was good and collectable, after due course of law, did not depend on a condition precedent, to be performed by the plaintiff, the use of due diligence in attempting to collect the note by legal prosecution. It does not admit of a doubt, that the defendant, who is a mere guarantee, can only be made responsible by the plaintiff's showing a performance, on his part, of the condition, on the observance of which the defendant consented to be answerable for the amount of the note. The defendant's undertaking, that the note was good and collectable, after due course of law, imposed a necessity upon the plaintiff, if he meant to resort to his guaranty, to prosecute, with due diligence, all the parties to the note. The guaranty extends as well to the maker of the note as to the endorsers. The plaintiff accepted the note with the several and respective liabilities of the maker and endorsers; and his title to demand of the defendant the performance of the guaranty, depends on his showing, either that he has, with reasonable vigilance, pursued a due course of law, that is, commenced and prosecuted suits to effect, against all the parties to the note, and has thus ascertained, that the note was not good and collectable, or he must set forth a legal excuse for omitting to do so. There is no averment, that a suit has been prosecuted against *Hull*, the maker of the note, and the excuse is, that he was discharged from all his debts by a commissioner, pursuant to the statute, on the 15th of *March*, 1819. Though the act of *God*, or the act of the law which renders the performance of an act stipulated to be done, unlawful, may excuse a party from a strict compliance with his contract, as matter of defence, it may well be doubted, whether an engagement by one to perform an act,

on the previous performance of another act by the other, can be enforced, without showing the previous act done, or that its performance was dispensed with, or prevented by him who was to perform the subsequent act.  Here, however, the very excuse set up is no answer to the objection made by the defendant ; for seventeen months had elapsed after the note became due, before *Hull* was discharged from his debts.   We know, judicially, that by the course of the Court, *Hull* might have been sued, and judgment obtained long before his discharge.   Indeed, the plaintiff himself shows, that with respect to the endorsers, judgment was obtained against them, on the 8th of *May*, 1818, more than ten months prior to *Hull's* discharge as an insolvent.   Courts are to interpret and enforce, not make, or alter the contracts of parties.   The defendant has a right to insist, that he entered into this guaranty, under the express condition, that he was not to be liable, unless the note turned out not to be good, or collectable, after a regular prosecution against the maker and endorsers of the note, with due and reasonable diligence.   This is the substance of his engagement ; and we think it cannot admit of a doubt, that the total omission to prosecute *Hull*, for the period of seventeen months, was a clear and culpable negligence, which absolved the defendant from his guaranty.   We do not mean to say, that a suit should have been brought forthwith, after the note fell due, but, at all events, a term should not have been lost. And when the defendant is regarded as a surety, most emphatically he cannot be bound beyond the scope of his engagement.

Judgment for the defendant, with leave to the plaintiff to amend, on payment of costs.