By the Court,

Cowen, J.
In a suit on a somewhat similar guaranty in Moakley v. Riggs, (19 John. Rep. 69, 71,) it appeared that the endorser alone had been sued. Spencer, Ch. J. said, the plaintiff was bound to prosecute with due diligence all the parties to the note. It is true, the question whether a prosecution against the endorser was essential did not arise. The necessity of suing both parties was, however, asserted, and the dictum is highly respectable. I cannot but think it accorded with the inten *140 tian of the guarantor. “ The within note,” here spoken of by the guarantor before us, was an endorsed note; whereas the plaintiff’s counsel would read it “ the within note, irrespective of the endorsement.” A note is shown to another with the name of a responsible endorser upon it, and he. is asked whether it be collectable ? He answers' yes. Can there be a doubt that he means the paper? It is true, the note and endorsement are distinct contracts, but they are not independent. The endorsement is collateral to the note, the. maker being the principal or primary party. A transfer of the note eo nomine, would carry the endorsement as an incident; and a release of the maker would discharge the endorser. In the case before us,, is there any question, that had the plaintiff collected the "money of the endorser,, it would have discharged the defendant? Why? Because it would have been a collection of the money in the terms of the guaranty. In the language of Moakley v. Riggs we speak of endorsers as parties to the note.
The construction of this contract by the learned judge was, we think, too narrow.
There must be a new trial, the costs to abide the event.
New" trial granted.