## YATES COUNTY COURT.

WILLIAM H. SAWYER, respondent, agt. WILLIAM H. HASKELL, appellant.

It is the duty of a party, holding a promissory note upon which there is a *guarantee of its collection*, to exhaust all legal remedies for its collection, by prosecuting the *maker* with diligence and good faith, before he can resort to the guarantor by action.

Where in such case an action was brought against the maker who put in a defence of payment, made to the payee of the note (not the plaintiff), and the only testimony to sustain the action, or which was produced on the trial, was the deposition of the *defendant* taken on his own behalf on commission, upon which judgment was rendered in his favor, with costs,

*Held*, that the plaintiff in that suit, the same in this action, had entirely failed to prosecute the maker of the note with diligence and good faith; he should have *subpœnaed* and procured the attendance of the payee of the note as a witness, upon the issue of payment made by the defendant, and especially after he had been requested to do so by the guarantor.

*December Term*, 1859.

APPEAL from a justice's judgment.

CHARLES S. BAKER, *for appellant.*
JAMES L. SEELY, *for respondent.*

BRIGGS, County Judge. It appears from the evidence that Haskell, the appellant, sold and delivered to Sawyer, the re-

spondent, a note purporting to have been made by one Livingston Compton, for the sum of $23.38, payable to W. W. Bramhall, or bearer, bearing date the 17th of May, 1852, and payable in six months after date ; and that at the time of such sale he guaranteed the collection thereof in these words : " For value received, I guarantee the collection of the within note."

This action is brought solely upon this guarantee, and the question which I propose to consider is, whether a cause of action was made out in the court below.

The law is now well settled, that a party taking such a guarantee must prosecute all the parties to the note, with due diligence, before he can resort to the guarantor by action. (19 *John.* 69 ; *Thomas* agt. *Wood,* 4 *Cowen,* 173 ; *Compton* agt. *Horner,* 5 *Barb.* 501.)

This rule of law will not be doubted or denied; but the practical difficulty has been to properly apply the principle to individual cases. Under ordinary circumstances, the duty of a party, taking such guarantee, is obvious, and no question need arise. The very terms of the contract impose the duty of exhausting all legal remedies for its collection of the makers, as before stated. At any rate, he should prosecute them to judgment and execution, if judgment is obtainable, by the use of due care and diligence.

In the case under consideration, an action was brought against the maker in a justice's court, and he interposed a defence upon this issue. The defendant was examined on his own behalf on commission (he being a non-resident of the state), and upon the trial the testimony of the defendant so taken was read in evidence by the plaintiff therein, who is the respondent here, and the justice, upon the case thus presented, rendered a judgment against the plaintiff in favor of the defendant, for the costs of the action.

The plaintiff in that action produced no witnesses, nor were any sworn, except as before stated. Bramhall was the payee of the note, and the answer of Compton set up that he had paid this note to him, or to his agent or attorney.

Upon this issue Bramhall was a material witness. At least,

such would be the legal presumption, and under ordinary circumstances Sawyer would have been bound to subpœna him as a witness. Upon one occasion he was present, but the cause was then adjourned, on application of the defendant. He agreed to be present at the adjourned day, but the process of subpœna was not served upon him, although Haskell, the guarantor, requested Sawyer's attorney to subpœna him. As we before observed, Sawyer should have subpœnaed Bramhall and all other necessary witnesses, to establish this note against the maker. His excuse for not doing so is, that Haskell told him, after the guarantee was made, that he would furnish the testimony in the suit against Compton to match him.

It is quite questionable whether this was competent proof under the pleadings; but I do not propose to consider this question, or put my decision upon it. Assuming that, after this guarantee was made, Haskell did agree to furnish the testimony to match Compton, could he do more than to say to Sawyer or his attorney, "here is Bramhall, he is an important witness, I want you to subpœna him?"

I think it was Sawyer's duty to have complied with this request, and it was not using that diligence which the law imposes, by taking Bramhall's *promise* to be in attendance, he should have been served with a process of the court to enforce attendance.

Again, Haskell instructed Sawyer not to subpœna the defendant as a witness. He was unwilling to have him used as a witness, or to rely upon his testimony in obtaining a judgment—but were his directions obeyed? It is true he was not personally upon the witness stand, but in point of fact he was a witness for the plaintiff, Sawyer.

We are not advised by the return what his testimony was, but I think we have a right to presume that it was of such a character as to determine the case against the plaintiff.

Was this using the care and diligence which a man of prudence would have used in the collection of his own note? Would he not rather, *coming down to trial without witnesses* to sustain his action, have withdrawn it, rather than voluntarily

offer such evidence in the case as he knew, before offering it, would certainly produce a judgment upon the merits against him, thereby forever losing his rights of recovery, however meritorious? I am entirely unable to reconcile this conduct with that rule of law, before laid down, which requires him to prosecute the maker of the note with diligence and good faith.

Even had not Haskell requested Sawyer not to subpœna Compton, I cannot see that the case would have been altered. If he had relied on Haskell's agreement to furnish evidence to match Compton, as is claimed when he found himself at the trial without testimony, it was his duty to have submitted to a non-suit, or to have withdrawn the action. This would have put him in a position to test the validity of the subsequent agreement of Haskell to furnish the evidence, and would have rendered an examination of that question necessary. Had such a course been pursued, the right to enforce this note against Compton, the maker, would not have been impaired ; but, as the case now stands, the judgment in the action of *Sawyer* agt. *Compton* will be a complete bar to all right of action upon this note against Compton by Sawyer or any other person. Of this Haskell has the right to complain.

I think the judgment should be reversed.