ISAAC S. WELLS, Appellant, v. EDMUND MILLER, Respondent.

The right to contribution between co-sureties depends upon principles of equity rather than upon contract. The equity does not arise from the fact simply that both parties are sureties. They must stand in the same relation to the principal and without equities between themselves, giving one an advantage over the other.

It is competent to prove by parol the relation of the parties, and any extrinsic facts affecting the equities.

Plaintiff and B. were copartners, the latter being the managing partner, which was known to defendant, he having done considerable business with the firm. B. negotiated a loan for his individual benefit from one C. to be made upon a satisfactory note. He drew a note for the amount to which he signed the firm name, and defendant, at his request, signed as surety supposing it to be for the benefit of the firm. C. objected to the note because it was signed in the firm name and requested one signed by the members individually. A new note was drawn signed by B., and by plaintiff without adding the word "surety" to his name, and then by defendant. Plaintiff did not know of the making of the first note until the second note was presented to him for signature when he was informed of it and was told the reason of the change, and that defendant would sign the second note. In an action to enforce contribution, *held*, that plaintiff, although having no affirmative knowledge, was bound to presume ignorance on the part of defendant of the character of the first note from its form and the manner of signing it, and also to presume that B. would inform him, when he was applied to for his signature to the second note, of the reason why a change was desired; that he impliedly authorized B. to continue the deception by not requesting him to inform defendant of the character of the loan or affixing "surety" to his name; and that, therefore, plaintiff knowing facts charging him with knowledge that defendant signed, and intended to sign, as surety for him, and by silence and implied authority having contributed to induce him to again sign in the same character, he was not entitled to contribution.

*Norton* v. *Coons* (6 N. Y., 33) distinguished.

(Argued April 28, 1876; decided May 23, 1876.)

APPEAL from order of the General Term of the Supreme Court in the sixth judicial district, reversing a judgment in favor of plaintiff entered upon the report of a referee, and granting a new trial.

This action was brought to compel contribution as between co-sureties.

In 1854 plaintiff and one Brown were partners in business at Elmira, doing business under the firm name of "G. W. Brown & Co." Brown was the managing man of the firm, which was known to defendant, he having transacted a large amount of business with the firm. In January, 1854, Brown arranged with one Cromwell for a loan of $1,000 for his individual benefit, for which he was to give a satisfactory note. Brown executed a firm note for the amount, which defendant indorsed at his request. Brown stated to him, "we want $1,000 and can get it of Mr. Cromwell." Cromwell declined to accept the note, saying he wanted a note with the individual names of the parties and not one with the partnership name. Brown thereupon drew up another note in the form of a joint and several note payable to the order of Cromwell. This he signed himself and presented to plaintiff for his signature. He informed plaintiff then for the first time of the former note and of Cromwell's refusal to accept it. He requested plaintiff to sign, stating to him that defendant would sign it also. Thereupon plaintiff signed without adding the word "surety" to his name. Brown took the note to defendant, told him of Cromwell's refusal to accept the first note, and the reason, and that he had destroyed it; defendant signed under plaintiff's name. Upon receipt of the note Cromwell advanced the money as agreed. The referee found that when defendant signed the note he had no knowledge that it was for the individual benefit of Brown and supposed it was for the benefit of the firm, but that plaintiff had no knowledge that defendant was ignorant of the real object of the note or that he supposed it to be for the benefit of the firm; that there was no communication, understanding or agreement between plaintiff and the defendant in regard to the note or their liabilities to each other as sureties; that after the giving of the note Brown absconded and a judgment having been obtained against the parties to the note plaintiff paid it. As conclusion of law, the referee held defendant liable for contribution.

Further facts appear in the opinion.

*James L. Woods* for the appellant. The liability of co-sureties to contribution does not depend upon any contract between the parties, but rests upon the right of the matter. (*Norton* v. *Coons*, 2 Seld., 33, 36, 37; *Barry* v. *Ransom*, 2 Kern., 466.) To bar plaintiff's right to contribution it must appear positively or by legal intendment that plaintiff intended to stand as principal as to defendant. (*Warner* v. *Price*, 3 Wend., 397.)

*J. McGuire* for the respondent. Where one of two sureties, without the knowledge of his co-surety and by previous arrangement with the principal debtor, receives a share of a sum borrowed he is not entitled to contribution if obliged to pay the debt. (*McPherson* v. *Talbot*, 10 G. & J., 499.)

CHURCH, Ch. J. The plaintiff claims that he was a co-surety with the defendant upon the note of Brown of $1,000, which he has paid, and that he is entitled to contribution. The difference of opinion among the learned judges who have considered the case is unusual. The decision of the referee was for the plaintiff — that of the General Term for the defendant, but with one dissenting judge. In the Commission of Appeals, four of the commissioners were equally divided, and one took no part, so that of the eight judges, including the referee, who have passed upon the case, in three different tribunals, they were equally divided in opinion, four for the plaintiff and four for the defendant. It is, therefore, presumable that the case is quite evenly balanced, and might, perhaps, be decided either way without violating any rule of law. The difference of opinion has arisen not so much from a difference as to rules of law as upon the character of the transaction. The facts are undisputed; but upon their proper construction and the inferences to be drawn from them depend the application of legal principles, and, as to such construction and inferences, it is quite natural that lawyers and judges should differ. I have examined the case with considerable care and have arrived at a conclusion adverse to

the plaintiff's right of recovery, and, without elaborating the subject, I shall briefly state the reasons which have influenced my judgment.

The right to contribution between co-sureties depends upon principles of equity rather than upon contract. It is well settled that the liability exists, although the sureties are ignorant of each other's engagement. (14 Ves., 160; 2 Seld., 33; 2 Kern., 462.) The equity springs out of the proposition that, when two or more sureties stand in the same relation to a principal, they are entitled equally to all the benefits, and must bear equally all the burdens of the position. In such a case the maxim "equality is equity" applies. It is not sufficient that both parties are sureties — they must occupy the same position in respect to the principal, and without equities between themselves, giving an advantage to one over the other. (58 N. Y., 583.) And it is competent to prove by parol the relation of the parties, and that one surety agreed to indemnify another, or any extrinsic facts affecting the equities between them. (2 Kern., 462.)

The real question is, whether the same relation to Brown, within the comprehensive equitable rule referred to, did exist between these parties. On the part of the plaintiff, it is claimed that it is a case of ignorance on the part of the defendant, as to the fact that the plaintiff was a surety, and a signing on his part, under a misapprehension of the fact, induced partly by the representation of Brown, for which the plaintiff was in no sense responsible, and that the case of *Norton* v. *Coons* (6 N. Y., 33) is controlling in his favor. To determine this we must analyze the transaction. The plaintiff and Brown were co-partners, the latter being the managing member, and the defendant had done with the firm, through Brown, considerable business. If the defendant had loaned the money upon the first note made by Brown, in the name of the firm, the latter would have been liable upon the well-settled principle of mutual agency between partners, within the scope of their business, although the money may have been borrowed for Brown, individually, provided the defend-

ant was ignorant of that fact. (Story on Part., § 102.) The same principle would apply in making the defendant a surety for the firm upon the first note signed by him. If Brown might bind the firm for money borrowed of the defendant, he might also bind the firm by procuring his signature, as surety for the firm, to enable him to borrow money of a third person. It was one of the usual means of transacting the business of the firm, and he had implied authority, especially as managing partner, to do any thing necessary for that purpose. If, therefore, the creditor had taken the note in that form, it is very clear that the plaintiff would have been liable upon it, and without the right of contribution against the defendant. As to the defendant, he would have occupied the position of principal, although as to Brown he was a mere surety. The creditor requested that the form of the note be changed by having the members of the firm sign their individual names, which was done, and the defendant again signed the note in that form, and this change has created the embarrassment in the case. Much stress is laid upon the fact that the plaintiff did not know of the making of the first note until the new note was presented to him, and that he then signed in fact as surety, and that he is therefore entitled to the benefit of that position within *Norton* v. *Coons* (*supra*). If there had been no other transaction but the signing of this note by the plaintiff, there would have been some force in this view. But he was then informed of the first note, and I assume of the signing of it, by the defendant as surety, and was told that the creditor desired the individual signatures of the firm. He, therefore, knew the facts which in legal effect constituted the defendant a surety for the firm, and is, therefore, chargeable with knowledge of the real position of the defendant upon the first note. True, the referee found that the plaintiff had no knowledge that defendant was ignorant of the real object of the note, or that he supposed it to be for the benefit of the firm. I construe this to mean that he had no affirmative knowledge, and had not been informed specifically of that ignorance. This is the only construction warranted by

the evidence and by the other findings, and therefore it must be presumed to have been intended. The plaintiff was bound to presume ignorance on the part of the defendant from the form of the note and the manner of signing it. He knew that the defendant had undersigned a firm note as surety, got up to raise money, and the presumption is, and the plaintiff was bound to presume it, that he signed it with the intent and for the purpose which its form indicated. He cannot now say that he didn't know that the defendant was ignorant of the real character of the note. It was not claimed by him on the stand, nor is there the slightest evidence, that he supposed even that the defendant had been informed that this money was for the individual benefit of Brown, while the facts of which he was then informed indicated that the defendant thought as he acted, and that when the latter signed the note as surety for the firm he supposed it was for the benefit of the firm. Brown told the plaintiff that the creditor desired the change in the form of the note, and that the defendant would sign it, and the plaintiff was bound to presume that Brown would inform the defendant of the reason why a change was desired when he applied for his signature, and instead of requesting Brown to enlighten the defendant as to the character of the loan, or affixing the word "surety" to his name, or in any manner notifying him of his real position, he impliedly authorized Brown to continue the deception under which the defendant had acted, not perhaps designedly, but by acts which had that effect. Knowing facts charging him with knowledge that the defendant signed and intended to sign as surety for him, and by silence and implied authority, having contributed to induce him to again sign in the same character, it is inequitable, in my judgment, for the plaintiff to demand contribution, as much so as if the first note had been taken. His knowledge and acts amount to an authority and a ratification of all that Brown said and did to and with the defendant. It cannot be said in any just or legal sense that the defendant occupied the same relation to Brown that the plaintiff did in respect to this note. Brown had made a firm

note as a partnership agent. When informed of it the plaintiff did not object to the use of the firm name for that purpose, nor to continue his liability in any form which his partner desired, and omitted all precautions calculated to inform the defendant of the true state of facts, and whether intended or not, his conduct was calculated to induce the belief, on the part of the defendant, that he was a principal with Brown, and the change in the form of the note does not, under the circumstances, alter the legal aspect of the case.

I do not deem it necessary to consider the effect (if any) which should be given to the fact that the money was paid into the firm to the credit of Brown.

I am in favor of affirming the order of the General Term. All concur.

Order affirmed. Judgment absolute against appellant.