PETER PHILLIPS, RESPONDENT, v. SARAH PLATO, APPELLANT.

*Accommodation indorser — when he cannot compel the guarantor of a note to contribute.*

G. H. Plato, the defendant's son, offered a note made by himself and indorsed for his accommodation by the plaintiff, to one Olney in payment of an indebtedness due to him. Olney having refused to accept it unless the defendant's signature was procured, the defendant, with full knowledge of the facts, executed on the back of the note, above the plaintiff's signature, an absolute guaranty of the payment of the note. The note was delivered to Olney. The plaintiff had no knowledge of or participation in the procuring of the defendant's guaranty. The plaintiff, having been compelled to pay the note, brought this action against the defendant as a guarantor, claiming that she, as a co-surety for the principal debtor, G. H. Plato, who was insolvent, was liable to contribute one-half of the amount the plaintiff had been compelled to pay.

*Held*, that the action could not be maintained.

*Harris* v. *Warner* (13 Wend., 400); *Belloni* v. *Freeborn* (63 N. Y., 383) followed; *Wells* v. *Miller* (66 id., 255) distinguished.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action at the Oneida Special Term.

*J. P. Olney*, for the appellant.

*Bentley & Jones*, for the respondent.

BOARDMAN, J.:

This is an appeal from a judgment upon a decision by the court without a jury. The action was upon a guaranty of payment of a promissory note, for the amount of the note. The complaint was amended on the trial so as to constitute an action by plaintiff, as indorser, who had paid the note, against the defendant who had guaranteed its payment, for one-half of the amount paid.

G. H. Plato, defendant's son, was indebted to one Olney, and to pay the same made this note and procured the plaintiff to indorse it. It was then offered to Olney, who refused to accept it unless G. H. Plato would procure the defendant's signature. Soon after the defendant, with full knowledge of the facts, executed on the back of the note over plaintiff's indorsement an absolute guaranty of the payment of the note. The note was then delivered by G. H. Plato to Olney. When it became due it was dishonored, and plaintiff paid it. He now brings this action against the guarantor, and claims that she, as a co-surety for G. H. Plato, the principal debtor, is liable for contribution, and a recovery for one-half of the amount paid by plaintiff is given against the defendant G. H. Plato is insolvent. The plaintiff had no knowledge of or participation in the procuring of defendant's guarantee, nor did he require it.

It is plain that the defendant's guaranty was given without consideration and as an accommodation to her son, the principal debtor. By the instrument she became absolutely liable to pay the debt. She did not assume this liability at the request or in the interest of the plaintiff. Indeed, his position as indorser was complete before the necessity of any other security became known. He, doubtless, supposed the creditor would accept the note with his indorsement alone. The defendant knew these facts, and signed for the purpose of giving to the note, as it then existed, the security of her name. In the language of TALCOTT, P. J., in *Deck* v. *Works* (18 Hun, 266–272), " the guarantor of a note on which there is a prior indorsement, undertakes for the performance of each contract which he has guaranteed, that of the maker and that of the indorser. If either fails to perform the contract which is guaranteed, a cause of action arises to the holder of the guaranty for such default." As a corollary, it must be true that if either the maker or indorser shall pay the note the guarantor's liability ceases.

Again, until the note had been indorsed by the plaintiff it had no commercial or negotiable existence. When it was so indorsed its use was followed by liability; but before such indorsement it was incapable of being used to create an obligation. When the note was presented to defendant it was complete and perfect in its form. Such perfect and complete note she guaranteed payment of. It has been paid by the parties to it, or one of them. That is what she agreed should happen, and her obligation is at an end. There is no reason to believe the plaintiff required or expected defendant to sign the note as his co-surety, or for his protection in whole or in part. Her signature was placed there with the purpose of becoming, in effect, a second indorser, but was modified because she was a married woman. The difference between an indorser and guarantor is slight. The former becomes liable on condition of notice of dishonor if the note is not paid by the maker when due; the latter becomes absolutely liable to pay if the note is not paid when due. (*Brown* v. *Curtiss*, 2 N. Y., 230; *McMurray* v. *Noyes*, 72 N. Y., 523, 525.) The defendant, by her guaranty made under the circumstances of this case, became the surety of the maker and indorser. She did not intend to become the co-surety of the plaintiff and equally liable with him for the debt, but only for his default. In this respect the case is brought within *Harris* v. *Warner* (13 Wend., 400); *Belloni* v. *Freeborn* (63 N. Y, 383, 388). No importance is attached to the position of the guaranty *above* plaintiff's indorsement upon the note.

For these reasons we are constrained to differ with the learned judge who decided this case below. Nor do we think the case of *Wells* v. *Miller* (66 N. Y., 255) is controlling, although the decision was mainly founded upon it. The parties to that action were in fact sureties for the principal debtor and both signed the note beneath his signature. The question was whether the plaintiff, who was a partner of the debtor, had not so acted as to deceive the defendant into the belief that he was signing as surety for both the partners, and hence not entitled to contribution in equity. No such question is presented in the present case. This is an action by an indorser against a guarantor, where the purposes and intent of the parties, their mutual relations to each other, to the note and its maker, the possible liabilities of each and the actual liability of the

defendant, after payment of the note by plaintiff, are open for consideration. In *Wells* v. *Miller* (*supra*), the court considers only whether contribution should be enforced between actual and recognized co-sureties in equity, by reason of the peculiar facts in the case.

The judgment should be reversed and a new trial granted, costs to abide the event.

FOLLETT, J., concurred.

HARDIN, P. J.:

Plaintiff's contract of indorsement was made without reference to the defendant; it was to pay if the maker did not and the holder gave notice of the dishonor.

Defendant's undertaking was that if the note was not paid by the maker or indorser, she would pay it. (*Moakley* v. *Riggs*, 19 Johns., 69.) The indorser has paid it. He has no more claim upon the defendant than though she had in form, as was her intent (aside from binding herself as a married woman), become a second indorser. I concur.

Judgment reversed and new trial ordered, with costs to abide the event.