EGAN *v.* FORTY-SECOND ST., M. & ST. N. A. R. Co.

(*Superior Court of New York City, Special Term.* December 24, 1888.)

HORSE AND STREET RAILROADS—LIABILITY FOR NEGLIGENCE.
    Where plaintiff was injured by stepping in a hole between the rails of a horse-car track, owned and controlled by the defendant, but it was not shown that the construction or maintenance of the tracks was defective, nor that the defendant was within any statute making it the duty of street railroads to keep the space between the tracks in repair, the complaint was properly dismissed.

Action by Patrick Egan against the Forty-Second Street, Manhattanville & St. Nicholas Avenue Railroad Company.

*Jacob Levy,* for plaintiff.    *William C. Trull,* for defendant.

DUGRO, J.    The plaintiff moves to set aside a dismissal of the complaint upon trial of this action. The evidence, as I remember it, was substantially

that the plaintiff stepped into a hole in One Hundred and Tenth street, between the rails of a horse-car track, and, catching his foot under the wooden stringer below the iron rail of one of the tracks, fell, and broke his leg. He claims that he was not negligent, and that the railroad company was so in not closing the hole, and asks for damages.

It does not appear from the evidence that it was the duty of the defendant to keep the space of the street between the tracks in repair. The city, and not the defendant, had control of this space. The defendant could not, without the city's permission, exercise any precaution it might deem necessary to prevent the existence of holes in the street, and, in the absence of any agreement between it and the city in regard to the matter, or any special duty imposed by law, it should not be held bound to keep the space in question in repair. No defect in the construction or maintenance of the tracks is shown.

The decision relied upon by the plaintiff (*Worster* v. *Railroad Co.*, 50 N. Y. 203) is not applicable to the case presented at the trial; for in the case cited the tracks were shown to be in a defective condition. See, particularly, the opinion. *Worster* v. *Railroad Co.*, 3 Daly, 280; *Wasmer* v. *Railroad Co.*, 80 N. Y. 212; and *Gale* v. *Railroad Co.*, 76 N. Y. 594,—are cases where the space between the rails was under control of the respective defendants. Without power or authority to maintain the space between the rails in a condition to be determined by them, the defendants could not be held to an accountability for its condition, unless such condition was caused by them. The plaintiff's counsel refers me to section 9, c. 252, Laws 1884, and claims by this act the duty of keeping in repair the space of the street between the tracks, etc., is imposed upon defendant. I have not considered this statute as bearing on the case, for it was not shown on the trial that the defendant was such a corporation as is referred to in the act. For this last assertion I am compelled to rely upon memory, having neither the pleadings nor the stenographer's minutes before me. The motion must therefore be denied.