Manuel Silberstein, by Guardian, etc., Respondent, v. The Houston, West Street and Pavonia Ferry Railroad Company, Appellant.

Plaintiff, in attempting to cross the tracks of defendant's road, slipped, fell, and was run over by one of its cars. In an action to recover damages it appeared that the street, at the place of the accident, was icy and slippery. Plaintiff, for the avowed purpose of imputing negligence to defendant, "by reason of that condition of the track," offered and was permitted to give evidence tending to show that it had not rained or snowed for two days previous to the accident. *Held*, error; that no duty rested upon plaintiff to keep the space between its tracks free from ice and snow; also, that, as the evidence was incompetent for any purpose, a general objection thereto was sufficient.

(Argued October 22, 1889; decided November 26, 1889.)

Appeal from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made at the April Term, 1889, which modified, by reducing the damages, and affirmed, as modified, a judgment in favor of plaintiff, entered upon a verdict.

This action was brought to recover damages for injuries alleged to have been caused by defendant's negligence.

Plaintiff, in attempting to cross the tracks of defendant's road in a street of the city of New York, which was slippery, owing to the presence of ice, slipped and fell and was run over by a car moving at an unsual rate of speed.

The facts material to the question discussed are stated in the opinion.

*Charles E. Miller* for appellant.   If the plaintiff was guilty of contributory negligence, he cannot recover whatever the negligence of defendant may have been.   The exercise of proper caution on the part of the person injured must affirma- tively appear.   (*McDermott* v. *T. A. R. R. Co.*, 44 Hun, 107; *Woodward* v. *N. Y. & L. E. R. R. Co.*, 106 N. Y. 369; *Young* v. *N. Y. & L. E. R. R. Co.*, 107 id. 500; *Tolman* v. *S., etc., R. R. Co.*, 98 id. 198; *Bowen* v. *City of Rome*, 23 W'kly Dig. 406; *Cowan* v. *T. A. R. R. Co.*, N. Y. L. J., Sept. 13, 1888; *Reynolds* v. *N. Y. C. R. R. Co.*, 58 N. Y. 248; *Wendell* v. *N. Y. C. & H. R. R. R. Co.*, 91 id. 420; *Cordell* v. *N. Y. C. & H. R. R. R. Co.*, 75 id. 332; *Wilds* v. *H. R. R. R. Co.*, 24 id. 430, 432; *Cosgrove* v. *N. Y. C. R. R. Co.*, 13 Hun, 329; *Barringer* v. *N. Y. C. R. R. Co.*, 18 id. 398.)   A person, either walking on the sidewalk or crossing the street, must look to see where he is going, and must, if possible, avoid collision either with foot passengers or vehicles.   In crossing a street or a highway a higher degree of vigilance is naturally called for as the consequence of care- lessness are more serious.   (*Barker* v. *Savage*, 45 N. Y. 191, 194; *Belton* v. *Baxter*, 54 id. 245; *Wendell* v. *N. Y. C. & H. R. R. R. Co.*, 91 id. 420; *McPhillips* v. *N. Y. & N. H. R. R. Co.*, 12 Daly, 365.)

*Samuel Untermyer* for respondent.   Whoever drives horses along the streets of a city is bound to anticipate that travelers on foot may be at the crossings and must take reasonable care not to injure them; he is negligent whenever he fails to look out for them.   (*Moebus* v. *Herman*, 108 N. Y. 349.)   The driver was bound to be watchful at all points elsewhere as well as at the crosswalk.   (*Moebus* v. *Herman*, 108 N. Y. 349.) The degree of vigilance required is measured by the dangers to be apprehended.   (*Degraff* v. *N. Y. C. & H. R. R. R. Co.*, 76 N. Y. 125.)   An objection to evidence being general and no ground of objection specified, if it is competent for any purpose, it was properly admitted.   (*Tooley* v. *Bacon*, 70 N. Y. 34; *Levin* v. *Russell*, 42 id. 251; *Williams* v. *Sargent*,

46 id. 481; *Parsons* v. *N. Y. C. & H. R. R. R. Co.*, 113 id. 353.) It was competent for plaintiff to prove the condition of the streets between the rails at the time the boy fell upon the track for the purpose of explaining the cause or reason of his fall, to support the plaintiff's contention that the boy slipped. (*Parsons* v. *N. Y. C. & H. R. R. R. Co.*, 113 N. Y. 355; *Quincy* v. *White*, 63 id. 370.)

Peckham, J. The motion for a new trial on the ground of the contributory negligence of the plaintiff was, we think, properly denied. It was a case upon the whole evidence on that point for the jury.

The defendant did not claim that no case for a jury had been made out upon the question of the defendant's negligence.

This would lead to an affirmance of the judgment but for the admission of one piece of evidence which we think was erroneously admitted and may have done great harm upon the question of defendant's negligence.

An officer of the weather bureau was called on the part of the plaintiff, and he had with him the official reports of such bureau, and which he swore were correct, and taken from observations made in the city of New York.

The accident occurred on the 13th of February 1887, and the witness was asked this question: "After looking at the reports can you state when next preceding the 13th day of February 1887, there was last a fall of rain or snow in the city of New York?" This was objected to generally by the defendant's counsel, no particular ground of objection being stated. Plaintiff's counsel then stated as follows: "We desire to show that it had not rained or snowed within two days at least of the thirteenth of February, and that there was still ice upon the stones between the rails of defendant's tracks at the point at which the boy slipped, and we desire to impute negligence to the defendant by reason of that condition of the track."

The objection was thereupon overruled and an exception taken and the evidence was admitted; the witness testifying that on February 11, 1887, it rained from 2.50 p. m. to 4.40

P. M. and that was the first rain preceding February thirteenth. He further stated that the condition of the atmosphere on that day after the rain, at 10 o'clock P. M., was 44, and that there was no fall of rain or snow from the time stated on the eleventh of February up to the thirteenth.

At the time this evidence was admitted it had appeared by undisputed proof that the streets were in some portions icy and slippery, and that the portion of the street in question at the place of the accident was in that condition.

The purpose of the evidence on the part of the plaintiff's counsel was avowed, and that purpose was brought out as an answer to the objection of the defendant's counsel to the introduction of such evidence. It was to impute negligence to the defendant by reason of the condition of the tracks, or, in other words, because of the existence of ice between the rails in a public street of a city. The idea, seemingly, was that a duty rested upon the defendant to keep the space between its tracks free from ice and snow. Of course, no such duty rested upon it, and no such liability for a failure to do so as was claimed in this case would follow.

It is now argued that if the evidence were admissible for any purpose, as there was simply a general objection to it, it was properly admitted, although plaintiff's counsel may have claimed its admission at the time upon improper grounds; and the case of *Parsons* v. *New York Central and Hudson River Railroad Company* (113 N. Y. 355), is cited to sustain such contention.

The two cases, we think, are not precisely similar, but, however that may be, the difficulty with this evidence is that it was not admissible for any purpose. It is claimed that it was competent for the plaintiff to prove the condition of the street between the rails at the time the boy fell upon the track, because that fact had a tendency to explain the reason of his fall. It may be assumed that it was thus com petent for the reason alleged.

But the evidence proposed and taken under objection had no tendency whatever to prove such condition. That condi-

tion had already been proved, was uncontradicted and was really not a point in issue in the case. It is difficult to see how the condition of the street at the point where the boy fell could be proved by evidence showing that there had been no storm for two days before that time. It was only pertinent when taken in connection with the other evidence as to what the condition of the street was, and in that way claiming to show neglect on the part of the defendant in allowing the street to remain in that condition for such a length of time.

We think this evidence could have been used, and, judging from the record, very probably was used before the jury with great effect upon the question of the defendant's liability. The charge is not given, and judging only from the record as it appears before us we cannot assume that the error in the admission of this evidence was cured by the charge.

We think the judgment should be reversed and a new trial granted, costs to abide event.

All concur, except Ruger, Ch. J., and Danforth, J., dissenting.

Judgment reversed.