PATRICK CARAHER, Respondent, *v.* MILES MULLIGAN *et al.*, Appellant.

*Supreme Court, Fourth Department, General Term, December 7, 1889.*

1. *Evidence. Parol.*—As between the original parties to a written instrument, any agreement which makes its enforcement inequitable, may be shown.
2. *M inufacturing corporations. Trustees.*—Inability or non-intention to continue business excuses the trustees of a manufacturing corporation from making an annual report.
3. *Same.*—A person, who has consented to the non-filing of the annual report, cannot take advantage of such omission.
4. *Appeal. Exception.*—Where it is error to take the case from the jury, the objection is available under a general exception, and a particular request to the court to send the case to the jury is not necessary.

Appeal from judgment entered upon a verdict directed by the court at Oneida circuit, January, 1889.

Action to enforce the liability of the trustees of a manufacturing corporation for the payment of its debts by reason of the annual report not being made and published as required by the statute, § 12 of chap. 40 of Laws of 1848, as amended by chap. 510 of Laws of 1875.

In the complaint it is alleged that on the 6th of September, 1881, the defendants duly executed and acknowledged a certificate for the formation of a corporation, under the act of February 17, 1848, chap. 40 of Laws of 1848, and the acts amendatory thereof, for the purpose of carrying on and conducting at Utica, N. Y. the manufacture of buttons, the name of the company to be, Globe Button Company of Utica, N. Y., the capital stock to be $8,000, divided into shares of fifty dollars each, the number of trustees to be three and to be for the first year the defendants ; that such certificate was duly filed September 10, 1881, and thereby the defendants

and their successors became and ever since have been and still are a corporation by the name stated, and the defendants have all the time been such trustees and have conducted the affairs of the corporation ; that in March, 1882, the capital stock was increased to $16,000 ; that the company did not, within twenty days from the 1st day of January in either of the years 1884, 1885 or 1886, or at any time since it was organized, make or publish a report as required by § 12 of the said act ; that on the 15th of January, 1883, the plaintiff lent to the corporation $2,000, taking therefor its two promissory notes of that date of $1,000 each, payable three years after date to the plaintiff or order with interest; that no part of said notes has been paid, and the defendants are liable therefor.

The defendants, in their answer, admitted the execution and delivery of the notes, but denied their indebtedness to plaintiff. They made no other specific denials, but alleged as a defense that prior to the date of the notes, the company was largely in debt ; that plaintiff had subscribed largely for the stock of the company, was informed of its condition, advised as to its management, and was deeply interested in its future ; that he and the defendants being desirous to relieve the company from its financial difficulties, agreed between themselves, shortly prior to the date of the notes, to advance certain moneys to the corporation to be applied to the payment of its debts, on the condition and agreement that the moneys so advanced should only be paid back to the person so advancing the same in the event that the company should thereafter have money or profits arising from its business or property sufficient to pay such advances ; that in pursuance of such agreement the plaintiff, advanced $2,000, the defendant Merriman the same amount, and defendants Mulligan and Carney each $1,000, and notes for the amount so advanced were issued to each, the notes set forth in the complaint being the one so issued to plaintiff, and being made on the condition and agreement stated ; that since the making of such agreement

the company has made, no profits and has had no money or property applicable to the payment of the notes and it is utterly insolvent.

As a further defense, it was alleged that plaintiff was one of the originators of the corporation, and agreed to and did take forty shares of the original stock, he having the scrip made out in the name of some of his relatives ; that after the incorporation he was constantly advising with the defendants, who were the only trustees, as to the management of its affairs, and was thoroughly acquainted with its financial condition ; that, at or about the date of the notes referred to, and while in consultation with defendants about the management, plaintiff well knew the financial condition of the company, and was opposed to the publication or making by the trustees of the reports required by the statute and referred to in the complaint, and advised and urged them not to publish said reports, representing it would be injurious to the company and its stockholders ; that the defendants thereupon, influenced by such advice, opposition and representation, were deterred from making or publishing said reports, as they otherwise would have done, and the plaintiff, by reason thereof, should be estopped from maintaining this action.

At the trial, evidence was taken upon the issues presented by the answer, and at its close, as the record shows, the counsel for the plaintiff asked the court to direct a verdict for the plaintiff for the amount of the notes and interest, upon the ground that the evidence did not establish a defense in law ; that there was no question of fact for the jury to pass upon ; that the evidence given as to the terms of payment of the notes was in violation of the principle that contemporaneous parol stipulations, contradicting or varying the effect of a written instrument, cannot be received in evidence. The counsel for defendants objected to such direction ; the court ordered a verdict for the plaintiff for $2,724.34, being the amount of the notes and interest, and the defendants excepted.

*Beardsley & Beardsley*, for appellants.

*S. J. Barrows*, for respondent.

MERWIN, J.—No request was made by defendants to submit the case to the jury, and it is now claimed that by reason thereof the objection cannot now be taken that there were questions of fact that should have been submitted. The cases cited on the part of plaintiff to this point do not apply to this case. On the other hand, the case of Trustees of East Hampton *v.* Kirk, 68 N. Y. 464, is authority for the proposition as applicable to this case that if it was error to take the case from the jury, the objection is available under the general exception, and a particular request to the court to send the case to the jury was not necessary. The defendants had done nothing to waive their right, if they had one, to go to the jury. The same rule was substantially held in First National Bank *v.* Dana, 79 N. Y. 108.

The question then is, was the verdict properly directed for the plaintiff ? The evidence tended to show an agreement, between the plaintiff and the defendants, substantially as alleged in the first portion of the answer. The plaintiff was a subscriber to the original articles to the amount of $2,000 of the stock. The scrip was issued to other parties, but he was interested and active in the management, advising and assisting the defendants who in name were the trustees. The business was not prosperous, the company was in debt and apparently could not borrow on the credit of the company. The defendants and the plaintiff owned or controlled the whole stock. The proposition was then made for each to advance to the amount of stock they held or represented and wait until the profits from the sales of the product of the factory would pay it back. This they all assented to. The giving of notes was discussed ; the plaintiff said he wanted something to show how much money he put in. This idea was adopted and notes of the company in the or-

dinary form were thereupon given to each for their respective advances. There was no writing except the notes. It is urged by the plaintiff that the parol arrangement as to the manner or condition of payment varies the legal effect of the notes and is therefore not available to the defendants.

It may be that as against the corporation the condition as to the manner of payment would not be admissible. That, however, is not exactly the question here. It is competent to prove by parol the relation of the parties and any extrinsic facts affecting the equities. Wells *v.* Miller, 66 N. Y. 255. If the original agreement was verbal and entire and only part reduced to writing, the whole may be shown, Chapin *v.* Dobson, 78 N. Y. 74, and in Juilliard *v.* Chaffee, 92 N. Y. 535, it is said generally that any agreement may be shown that makes the enforcement of the instrument inequitable.

The point here is whether there was any arrangement, not between the plaintiff and the corporation, but between the plaintiff and these defendants, that should preclude the plaintiff from taking the benefit of the statutory provision in favor of creditors. The giving of the notes to plaintiff was but one part of the transaction. The defendants also advanced money and received similar notes, none of which have been paid. Both parties advanced their money and received notes in pursuance of an agreement, verbal it is true, by which each agreed with the other upon certain limitation as to the enforcement against the corporation. It was competent for these parties to make such an arrangement, and it having been executed, the defendants presumptively having advanced their money in consideration and upon the faith of such arrangement, the plaintiff cannot now repudiate it though it was verbal. His debt or claim as between him and defendants is impressed with the character he agreed it should have. Its enforcement here would not be equitable. Juilliard *v.* Chaffee, 92 N. Y. 529, 535. There is room for saying upon the evidence that the advances were to be treated as so much additional capital, an informal increase of stock.

But it may be said that plaintiff's cause of action is based on something that afterwards occurred, to wit, the default of defendants in regard to their report. The moneys raised through the advances of the several parties at the time of the giving of the notes were designed to be, and apparently were, sufficient to pay all the debts. The company, however, stopped business in April, 1883, and never resumed. It has been held that when the condition of a company is such that the end and object for which it was formed are destroyed and there is neither an ability nor an intention on its part at any time to farther prosecute its business, it is no longer required to make the report called for by the statute. Kirkland *v.* Kille, 99 N. Y. 395.

If, as it may from the evidence be found, the defendants knowing that the debts were provided for, and that the claim of plaintiff as well as their own were not, under the arrangement, debts of the corporation, and in reliance on this agreement, concluded there was no necessity for making the statutory report, such default would be one that the plaintiff could not equitably take advantage of.

Besides, the matter of filing reports seems to have been discussed at the time of the arrangement about advances and, as it might be found, it was concluded by all that it was not necessary and that it need not be done. There is evidence that all understood the requirements of the law, that defendants were ready to perform them, that plaintiff discountenanced it upon the idea that, as all the debts were to be paid by the money they were raising, it was not important and there was no need to publish a report.

One witness testifies that plaintiff said, " no reports are needed to be published, no need to publish a report." Another witness testifies that the plaintiff, speaking of a report then present, said, " what is the use of having this published, it would be of no use to anybody, we are going to raise money to pay our debts, and it would not make a very good appearance for the company ; " and the witness added that what

plaintiff said was the rule. The secretary of the company testified that it was stated there and agreed that he was not to publish a notice. These conversations or understandings had more particular reference, no doubt, to what should be done in January, 1883. Still they were to some extent of a general character, and might well be deemed to have an important bearing on the future action of the trustees.

It is not shown that anything afterwards occurred between the parties on this subject. If the defendants omitted, in 1883 and the subsequent years, to publish the statutory report by reason of the understanding between the plaintiff and the defendants that it should not be done, then the plaintiff would be estopped from taking advantage of such omission. He cannot claim what is deemed a penalty against the defendants for their not doing what he agreed, expressly or by implication, that they need not do. Whether upon the evidence there was such an understanding or agreement was a question of fact for the jury.

The foregoing considerations lead to the conclusion that judgment should not have been directed for plaintiff.

Judgment reversed on the exceptions and a new trial ordered, costs to abide the event.

HARDIN, P. J., and MARTIN, J., concur.

NOTE ON " GENERAL OBJECTION."

A party must, where he calls upon the court to make a ruling in his favor, specify with reasonable clearness the point that he desires considered and decided, in order to predicate error upon an exception to the ruling against him. Stouter *v.* Man. R'y Co., 127 N. Y. 661.

In an action on a bond a motion to dismiss a complaint on the ground that plaintiff had failed to prove his cause of action was not sufficient to raise, on appeal, the objection that no demand had been proved. Ferguson *v.* U. S. L. & I. Co., 33 N. Y. St. Rep. 425.

The rule that a general objection is not sufficient to raise, on appeal, a specific ground of objection which might, perhaps, have been obviated at the trial, if it had been then pointed out, should always be applied when the defect is not so radical as to be incapable of being remedied. Stouter

v. Man. R'y Co., 127 N. Y. 661; Kernochan v. N. Y. E. R. R. Co., 128 Id. 559; Wallace v. Vacuum Oil Co., 1d. 579; Enos v. Enos, 58 Hun, 45; Strohn v. N. Y., L. E. & W. R. R. Co., 96 N. Y. 305; Turner v. City of Newburg, 119 Id. 301; Tooley v. Bacon, 70 Id. 34.

A general objection that evidence is irrelevant, incompetent and immaterial raises no question that the witness is not an expert. Matter of N. Y. E. R. R. Co., 58 Hun, 610.

The rule that, if evidence is admissible for any purpose, it is not subject to a general objection, does not apply where the evidence tends to establish a fact not properly provable, and the fact properly provable, which it is claimed to establish, is introduced in another issue. Silberstein v. Houston, W. S., etc., R. R. Co., 117 N. Y. 293.

The rule that a general objection is good, provided the evidence is incompetent and the objections could not have been obviated, does not apply where, after the objection has been placed upon the specific ground, the form of the question might have been so changed as to obviate the objection. Crawford v. Met. E. R'y Co., 121 N. Y. 624.

The objection, in an abutter's action against an elevated railroad company for damages, that the plaintiff is not in actual occupancy of the premises and cannot, therefore, maintain the action, is not presented by the general objection, on a motion to dismiss the complaint, that the plaintiff has not made out a cause of action. Dean v. Met. E. R'y Co., 119 N. Y. 540.

Where the evidence is manifestly improper, a general objection is sufficient in criminal cases. People v. Webster, 59 Hun, 398.

A formal general objection will not suffice when a specific one will permit the party to furnish proper proof. Hunter v. Walter, 58 Hun, 607.

When a general objection to evidence is insufficient. Wilson v. Kings Co. E. R'y Co., 114 N. Y. 487.

A general objection is insufficient to raise the point of a witness' incapacity. Matter of N. Y. E. R. R. Co., 58 Hun, 610, 11.

A general objection to a question, impossible to be rendered admissible, is sufficient. McIlhargy v. Chambers, 117 N. Y. 532.

An objection to evidence as hearsay and incompetent does not raise the question of incompetency under § 829 of the Code. Bell v. Bumstead, 60 Hun, 580.

An objection to the reception of evidence clearly irrelevant and hearsay, upon the ground that it is immaterial, irrelevant and incompetent, is sufficiently specific. Bella v. N. Y., L. E. & W. R. R. Co., 24 N. Y. St. Rep. 921.

A general objection to a question calling for declarations of a party to the action as well as of a stranger, which does not discriminate between the admissible and the inadmissible evidence, is insufficient. Brown v. Wakeman, 45 N. Y. St. Rep. 671.