No. 19,711.

GERTRUDE NICHOLAS, revived in the name of PATRICK H.
CONEY, as Administrator, etc., *Appellee*, v. THE TOPEKA
RAILWAY COMPANY, *Appellant.*

### SYLLABUS BY THE COURT.

NEGLIGENCE — *Street Railway — Injuries from Defective Crosswalk —
Street Railway Not Liable.* Where a street railway company main-
tains its tracks in a city on the grade required by ordinance, and is
not required by ordinance to build crosswalks or keep them in repair,
and the city constructs a walk across the railway tracks and places
the top of the walk nine inches below the top of the rails, the com-
pany is not liable for injuries sustained by a pedestrian by being
tripped by the rail while attempting to cross the railway track on
the walk.

Appeal from Shawnee district court, division No. 1; ALSTON
W. DANA, judge. Opinion filed December 11, 1915. Reversed.

*L. S. Ferry, T. F. Doran,* and *J. S. Dean,* all of Topeka, for
the appellant.

*Joseph G. Waters,* and *John C. Waters,* both of Topeka, for
the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff was injured while crossing
the defendant's railway track. To recover damages for the in-
jury she brought this action. Trial was had, resulting in a
verdict in her favor, on November 1, 1913. The court reserved
entry of judgment. The plaintiff died December 1, 1913.
March 21, 1914, on the motion of Patrick H. Coney, admin-
istrator of the estate of the plaintiff, Gertrude Nicholas, judg-
ment on the verdict was rendered, *nunc pro tunc,* as of No-
vember 1, 1913. The action was then revived.

The cities of Topeka and Oakland adjoin each other. The
defendant operates a street railway in each of these cities and
between them. Sardou avenue, running east and west, is on
the line between Topeka and Oakland. At this point Oakland
is north of Topeka. The defendant's track between Topeka
and Oakland is in the center of Green street, running north
and south. At the time of the accident there was a crossing

over the track at the center of Sardou avenue, level with the top of the rails. On the south or Topeka side of Sardou avenue there was a walk across Green street. At the track the top of this crossing was level with the top of the rails. On the north or Oakland side of Sardou avenue the city of Oakland had built a cement walk across Green street. This was built practically level with the top of the rails. Objection was made to this crosswalk by some adjacent property owner because it caused the water to flood his property. The city of Oakland then lowered the crosswalk so that the top of the walk was about nine inches below the top of the rails. There was no light at this crossing. On November 19, 1911, on a dark and rainy night, the plaintiff, while attempting to walk across the railway track on the north side of Sardou avenue, using the crosswalk built by the city of Oakland, caught her foot on the projecting rail, fell and injured herself. For this injury she brought this action.

Before the city of Oakland was incorporated, the railway was operated at the place of the accident under an order of the board of county commissioners of Shawnee county, which provided that:

"The track or tracks of said railway shall be laid as near the center of highway as is practicable and shall conform to the general surface thereof and shall be so constructed and at all times maintained and operated as to cause as little inconvenience to the traveling public as is practicable, consistent with the nature of the improvement; the ties shall be imbedded in the earth, so that they shall not furnish unnecessary obstruction to the passage of vehicles, and at all streets and road crossings suitable crossings shall be provided by said railway company so that vehicles may pass over said tracks with ease and safety."

In 1903 Oakland was incorporated, and since 1905 the defendant has operated its railway under an ordinance passed by that city, which provides:

"That the grades of the tracks as now laid and operated shall be maintained, except as hereinafter provided; and the tracks of any extensions to the present system of railway shall be laid and built to conform to the general surface of the streets, avenues and alleys built upon, and said company shall construct and maintain suitable and proper culverts whenever and wherever required by the city; said culverts to be constructed and maintained under the supervision of and in accordance with the direction of the city engineer of said city; provided, that whenever the grade of any street over which the right of way hereby granted shall be established by the city of Oakland for the purpose of paving

said street, then, in such case, the company shall place its tracks to such established grade and pave as hereinafter provided; and provided further, that having once built its track or tracks to the grade established by the city for the purpose of paving, any further expense due to the raising or lowering of such established grade shall be borne and paid for by said city."

On the trial there was no question about the track being maintained as required by ordinance. There has been no change in the grade of the street or railway track since the passage of the ordinance, nor since the order made by the county commissioners.

The defendant's appeal presents a number of questions. One of these is that the defendant had no duty to perform with reference to the construction or maintenance of the crossing over its track at the place where the accident occurred, and therefore is not liable for the injuries sustained by the plaintiff. The defendant contends that if there was any negligence, it was the negligence of the city of Oakland, and that the city alone is liable to the plaintiff.

Neither the order of the county commissioners nor the ordinance passed by the city cast any burden on the defendant to build or repair walks across its tracks, nor does the ordinance make it the duty of the defendant to repair or make safe the walks built by the city.

Who produced the condition that caused the injury? The defendant built and maintained the railroad track. The city built and maintained the walk below the top of the rails. The city, when it built the walk nine inches below the top of the rails, made a dangerous place, and produced the condition that caused the injury for which this action was brought. The defendant maintained its track at the grade required by the ordinance of the city. The defendant had nothing to do with building the crosswalk and had no control over where or how it should be built, and did not have any right or power to interfere with the city in building it. The only way the defendant could remedy the condition made by the city would have been to raise the walk, which it had no power or right to do, or to depress its track at the crossing in violation of the ordinance requiring that the track be kept on the grade existing before the walk was built. Depressing the track might have produced a worse condition than the one existing. The danger

then would have been to others than pedestrians crossing its tracks. The facts concerning the location and condition of the walk and railway tracks are undisputed. There was nothing for the jury to determine so far as those facts were concerned. Whether or not the defendant was negligent in maintaining the place in its then condition was a question of law for the court to determine and not a question of fact for the jury to decide. We are compelled to conclude that the defendant as a matter of law was not guilty of any negligence toward the plaintiff and is not liable for the injuries sustained by her. In 52 L. R. A. 448, and in 15 L. R. A., n. s., 840, are exhaustive notes on "Liability of street railroad company for defect in track or street." In each of the notes is the subhead "Defects in street not caused by company." A logical deduction from the cases there collated is that where the defect in the street is caused by the city as an active agency, and over which the railway company has no control and with which it has no right to interfere, the company is not liable for injuries caused by that defect.

A number of other questions are presented, but a discussion of them will not serve any good purpose.

The judgment of the district court is reversed and judgment is entered for the defendant.