No. 19,711.

GERTRUDE NICHOLAS, revived in the name of PATRICK H.
CONEY, as Administrator, etc., *Appellee*, V. THE TOPEKA
RAILWAY COMPANY, *Appellant*.

OPINION DENYING REHEARING.

Appeal from Shawnee district court, division No. 1; ALSTON
W. DANA, judge. Opinion denying a rehearing filed February
12, 1916. (For original opinion of reversal see 96 Kan. 699,
153 Pac. 506.)

*L. S. Ferry, T. F. Doran,* and *J. S. Dean,* all of Topeka, for
the appellant.

*Joseph G. Waters,* and *John C. Waters,* both of Topeka, for
the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff files a petition for rehearing.
The opinion (*Nicholas v. Street Railway Co.,* 96 Kan. 699, 153
Pac. 506) cites notes in 52 L. R. A. 448 and 15 L. R. A., n. s.,
840, and says:

"A logical deduction from the cases there collated is that where the
defect in the street is caused by the city as an active agency, and over
which the railway company has no control and with which it has no right
to interfere, the company is not liable for injuries caused by that de-
fect." (p. 702.)

Each case cited in these notes on the liability of a street
railway company for defects in track or street not caused by
the company has been examined. The notes correctly state the
law as declared in each case there cited. In each case, where
the defective condition was produced by the city, the railway
company was not held liable. These cases are *Snell v.
Rochester Railway Co.,* 71 N. Y. Supr. Ct. Rep. 476, *Citizens
Pass. Ry. Co. v. Ketcham,* 122 Pa. St. 228, 15 Atl. 733, and
*Campbell v. Railway Co.,* 139 Pa. St. 522, 21 Atl. 92. Other
cases holding the railroad not liable although the defect was
not caused by the city are *Egan v. Forty-second St., M. & St.
N. A. R. Co.,* 4 N. Y. Supp. 530, *Silberstein v. Houston, etc.,*

13—97 KAN.

*R. R. Co.*, 117 N. Y. 293, 22 N. E. 951, and *Eddy v. Ottawa City Passenger Railway Co.*, 31 Q. B. U. C. 569. In most of the cases cited in the notes the defective conditions in the streets were produced by natural causes, use, or wear. The cities do not appear to have in any way produced the defective conditions, and in most of the cases the street railway companies were under contract or franchise obligation to repair the streets.

In the petition for rehearing the plaintiff says:

"Please bear in mind that this court is bound to say that the original construction of this track, never having been altered or changed, was at the start a negligent and improper construction and in direct violation of its franchise as given by the county board, as required by the laws on our statute books, against the entire decisions of this court and against its duty to the public, for whose use the streets are primarily made, and none of which duties or liabilities can be ignored or immuned by any ordinance or contract of franchise the city of Oakland could make with it."

The evidence showed that the track at Sardou avenue, other than the crosswalk, was in the same condition as when first constructed. This construction was according to the franchise given by the county commissioners, was according to law as it then existed, was not against the decisions of this court, nor against its duty to the public.

The plaintiff contends that a street railway company must always keep its tracks in a safe condition. There is no doubt about the correctness of this rule. The difficulty in this case is not that the defendant did not keep its tracks in a safe condition, but that the city produced an unsafe condition and the defendant could not under the law interfere with that condition. It appears in evidence that at other places in the city of Oakland where crosswalks were built by the city over the track of the defendant company, the walks were built level with the top of the rails.

The judgment of this court is adhered to and the petition for rehearing is denied.